## WINDHORST, EXRX., v. BRANDT.

*Insolvent debtors—Composition agreement with creditors not established, when.*

A series of separate and independent compromises with individual creditors of an insolvent corporation, whereby the creditors sell or release their claims for 40 per cent. of their amounts, does not constitute a composition agreement with creditors, where such compromises were not entered into by the creditors in reliance on their mutual concessions and in furtherance of a common purpose to secure their claims by compromise and settlement.

(Decided March 19, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Mr. E. W. Kemper* and *Mr. David Davis,* for plaintiff in error.
*Messrs. Dolle, Taylor, O'Donnell & Geisler* and *Mr. John D. Ellis,* for defendant in error.

HAMILTON, J. The action below was on a promissory note, executed by William Windhorst, in his lifetime, to defendant in error, Jacob Brandt. Suit was brought by Brandt against the estate of Windhorst, and he recovered a judgment in the court of common pleas for the full amount of the note.

The defense in the answer admitted the execution and delivery of the note, but denied that there was any consideration sufficient to support the note. The case was tried to the court without the intervention of a jury.

The only error complained of is that the judgment is against the weight of the evidence. The

only question toward which the evidence was directed by plaintiff in error was the consideration for the note.

It appears that some time prior to the date of the note, the William Windhorst Company became financially embarrassed, and a receiver was appointed to take charge of the business and assets of the company. During the receivership, it appears that William Windhorst, who owned practically all of the stock of the company, arranged with the Western Bank & Trust Company to furnish the money to buy up the claims of the creditors against the company, thereby making it possible to lift the receivership.

The bank, without difficulty it seems, purchased all the claims of the creditors, except the claim of Brandt & Lear, a partnership, and took an assignment to the bank of their respective claims. It appears that Brandt objected to assigning his claim to the bank for forty per cent. of the amount. He and Windhorst had been strong personal friends for many years, and it appears that Windhorst made an arrangement with or promise to Brandt that if the partnership would assign its claim to the bank, accepting forty cents on the dollar, he, Windhorst, would personally take care of Brandt's personal loss in the account. Thereupon, the account of Brandt & Lear was assigned to the bank, and forty cents on the dollar was paid. Later, Windhorst, pursuant to his promise, executed the note in suit, covering the personal loss of Brandt.

It is urged by plaintiff in error that this settlement was a composition among the creditors, and that the act of giving Brandt the note was giving

a secret advantage to one of the creditors, and was done without the knowledge and consent of the other creditors.

The defendant in error claims that there was no composition agreement with creditors; that there was no meeting of the creditors, and no agreement among them by which all agreed to the receipt of forty cents on the dollar in payment in full of their claims; that the bank purchased with its own money the claims and took an assignment on that basis; and that the transaction was with each individual creditor who was willing to accept forty cents on the dollar for his claim.

If the plaintiff in error's claim of a composition is proven, defendant in error fails in his case. (*J. T. Way & Co.* v. *S. T. & R. Langley,* 15 Ohio St., 392.) If the purchase of the claims by the bank was not a composition, the plaintiff in error has failed in her proof as to there being no consideration for the note. See 12 Corpus Juris, 254.

There is but one witness in the case, the receiver of the William Windhorst Company. After the bank purchased the claims, the receivership was lifted and the company continued in business, the company settling with the bank for the claims which it had purchased.

The trial court found on the evidence that there was no composition agreement among creditors, that there was no secret advantage given one creditor over other creditors to a composition agreement, and we are of opinion that the evidence supports this conclusion.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.