### No. 944
### PATER et v. SCHUMAKER

Ohio Appeals, 1st Dist., Butler Co.

Decided May 24, 1926

891. PARTNERSHIP—Death causes a dissolution of a partnership and an agreement made between deceased and living partner giving children of deceased his partnership property to carry on partnership business, cannot be enforced.

460. EQUITY—Other than for the purpose of winding up partnership affairs, equity cannot appoint a receiver to carry on partnership business.

1017. REMEDY—For breach of contract to enter into partnership is legal and not equitable.

CUSHING, J.

Prior to 1920, Joseph Schumaker and Joseph Pater were partners doing business under the name of Schumaker & Co. Joseph Schumaker died and at the time of his death was indebted to Pater. Schumaker's widow entered into a partnership with Pater whereby a certain amount of her profits were to be paid upon the prior debt, such agreement in part being:

"This agreement shall remain in full force unless terminated by consent of both parties, or dissolved by death, bankruptcy, or insolvency. - - - - If either becomes dissatisfied, then some other person familiar with the business shall take charge and account to both of them till said indebtedness be paid. - - - - If said Joseph Pater should die and his children desire to take over the partnership interest under the terms and conditions herein set forth, and said Philomena Schumaker agrees to enter into a partnership with them or any of them, etc."

The children were given the option to take over the business but they did not and there is no evidence adduced which would show, upon Pater's death, that this option was ever taken.

This action was brought by Alonzo Pater in the Hamilton Common Pleas for specific performance of the above contract, but the lower court denied the writ and an appeal was taken.

The Court of Appeals held:

1. It is the law of the state of Ohio that a dissolution of a partnership takes place immediately on death of one of its members. 57 OS. 385.

2. Therefore, there can be no specific performance of the contract of Pater & Schumaker, and as no other contract is before the court specific performance does not lie.

3. If there were such a contract before the court, the remedy for breach of contract to enter into partnership is one in law and not equity.

4. A court of equity has no power to compel a person to enter into or to continue a partnership and has no authority to appoint a receiver other than to wind up a partnership and therefore the relief is not equitable.

Prayer denied and petition dismissed.

Attorneys—M. O. Burns for Pater; Waite, Schindel & Bayless for Schumaker; all of Cincinnati.