EDWARD NORDLINGER, Plaintiff, *v.* ROBERT LIBOW and Another, Defendants.

City Court of New York, New York County, February 26, 1930.

*Eli S. Wolbarst*, for the plaintiff.

*Lind, Shlivek, Marks & Brin*, for the defendants.

STEUER, J.   The complaint sets forth a cause of action for goods sold and delivered.   The answer does not deny any of the material allegations of the complaint except the allegation that there remains due the sum of $1,467.22.   The answer contains a separate defense to the effect that a composition settlement for thirty-five per cent of the face amount of the outstanding indebtedness was given in full satisfaction of this claim.   The facts, as shown by the opposing affidavits, reveal no disputed question.   The story of the transaction between these parties is as follows: Some time in the fall of 1929, the defendants, being in financial difficulties, consulted with the New York Credit Men's Adjustment Bureau, Inc., and as the result of considerable negotiations the compromise committee of this association proposed a compromise settlement to be entered into by all of the creditors, which agreement was put in the form of a letter, dated September 4, 1929, and sent to all of defendants' creditors. This offer was for forty per cent of the indebtedness, payable thirty-five per cent in cash and five per cent in a note made by the debtors and suitably indorsed, payable January 15, 1930.   A form of acceptance was inclosed with this letter.   Plaintiff never signed the form or in any other way, except as herein below stated, signified acceptance of the plan.   Thereafter plaintiff received by mail a check for thirty-five per cent of his claim.   This check bore the following legend: " The retention and acceptance of this check is in full settlement of any and all claims against Robert Libow and Louis Bloom, trading as the Libow-Bloom Co., and Morris Israel and David Block, acting under power of attorney for the aforementioned."   Inclosed with the check was a promissory note for five per cent of the claim, which note was made by a corporation in which, presumably, the defendants were stockholders.   The note was unindorsed.   Plaintiff retained the note and presented the same for payment at its maturity, and payment was refused. Plaintiff tendered the note to defendants on the argument of the motion, and tender was refused.   With permission of the court, plaintiff was allowed to retain the note and to file the same with an affidavit to sufficiently identify it and prevent its going astray.

Upon these facts plaintiff seeks judgment.   It is well settled in this jurisdiction that an offer of compromise between various creditors and a debtor at common law has different consequences from a composition in bankruptcy.   In the first case, the debtor is released upon performance of the promises which he has made.   In the second case, upon the approval of the court of the composition, the promises release the debtor, and if they are not fulfilled the remedy is upon these promises.   (*Jacobs* v. *Fensterstock*, 236 N. Y. 39.)   In this case, the composition being at common law, per-

formance of the promises would be necessary to release the defendants. The defendants, however, claim that the acceptance of a note of a third party is performance, as far as they are concerned, and that this is sufficient to release them from the original debt. It first becomes necessary to determine what agreement was made between the parties. The receipt of the letter from the Credit Men's Association does not constitute a contract. So that the first act on the part of the plaintiff which could be construed as an agreement on his part is the acceptance of the check and note aforementioned. This would only operate to the advantage of the defendants if it constituted an agreement between the creditors of the defendants and the defendants. It is difficult to see what agreement was so made.

The note sent was not in compliance with the terms of the original offer, so that, if anything, the tender of the check and the note constituted a modification of that offer, and the retention of the check pursuant to the legend at most can be relied upon for a new contract. This legend, however, does not state the terms of a new offer. It recites that the plaintiff is to accept a settlement of thirty-five per cent. This was not the intention of the creditors' committee or of the defendants, as expressly stated in their affidavit. The idea was for a settlement for forty per cent. Under these circumstances this legend cannot be claimed to be a new offer, accepted by the plaintiff, so that the retention and use of the check by the plaintiff is not the making of a new agreement. This exhausts the possibilities of a new agreement being made through these negotiations between the defendants and their creditors.

It is not for the court to make a composition agreement or any other agreement. The result is that it must be found that no such agreement was made. Regarding the transaction as an accord and satisfaction between the defendants and the plaintiff, regardless of the other creditors, the legend on the check is unavailing. It is elementary that to establish an accord and satisfaction by the payment of a lesser amount than that claimed to be due there must be a *bona fide* dispute as to the amount. This essential fact does not appear in any of the papers. Failing this, the check must be regarded as a payment on account and the writing upon its reverse a mere nullity.

The facts pleaded as a defense not constituting a defense, and there being no dispute as to the facts alleged in the complaint, judgment is rendered for the plaintiff for the sum of $1,467.22, with interest thereon from September 6, 1929, with costs of the action and $10 costs of this motion. Execution will be stayed five days after notice of entry of judgment. Order signed.