## SECURITY SAVINGS ASSOCIATION OF DAYTON v DeWEESE

Ohio Appeals, 2nd Dist, Montgomery Co

No 1107. Decided Jan 7, 1932

William G. Frizell, Dayton, and Prugh & Prugh, Dayton, for plaintiff in error.

Thomas, Hyers & Leyland, Dayton, for defendant in error.

HORNBECK, J.

The question is whether or not DeWeese, having assumed and agreed to pay the note secured by the original mortgage, can be held for a deficiency judgment when his immediate grantor had not assumed and agreed to pay the debt.

The question presented has been considered in reported cases five times in Ohio. Hiram Little v Henry Thoman et, 2 O. D. Re. 292, a nisi prius case. The court there held that the last grantee was liable though his grantor had not assumed the mortgage debt. The basis for the decision is that a valuable consideration moved from the grantor to the grantee. **Brewer v Maurer, 38 Oh St, 543; Keehl v Roberts, 32 Oh Ap, 237; Ryan v Buckeye Building and Loan Company, 29 Oh Ap, 476;** Mullen v Clermont Realty Company, Ohio Bar, Sept. 29, 1931. The third and fourth of these cases are

clearly authority supporting the action of the trial court in sustaining the demurrer in this case and denying the liability of DeWeese.

The Mullen case, in the narrow question determined, can be distinguished from the other appellate cases in that although the grantee, who was held liable, had not in the last deed by which he took title assumed and agreed to pay the original debt secured by the mortgage, had formerly in one of the deeds assumed and agreed to. pay the debt.

Brewer v Maurer, supra, has been accepted and cited by text book writers, annotators, and digesters as authority for and against liability. The syllabus does not touch our question. The opinion more strongly leans toward the theory of liability. The question there presented was the liability of the last grantee who had assumed and agreed to pay the mortgage debt when the chain of assumption of liability had not been broken from Mary Braundel, a married, woman. It was the contention of the last grantee that under the Married Woman's Act the covenant by Mary Braundel in the deed from George Braundel was of no legal force or effect as to her; that, as the property which she took by transfer was all of her separate estate, the assumption of payment of the debt created no liability upon her from which anything of value could be secured and therefore, there was the equivalent of a break in the chain of grantors who had assumed the mortgage obligation.

The court does not decide our question. It was not necessary to do so. It found that the promise of Mary Braundel, to assume and pay the mortgage debt, though made during coverture, was valid. Thus, there was a continuity of obligation through all deeds, including that of the last grantees, plaintiffs in error. As the court says, page 553,

"The several grantees being in privity with the mortgagor, the chain is perfect."

However, our specific proposition is considered and discussed at the bottom of page 549 and extending through page 552.

Vroomer v Turner, 69 N. Y., 280, is cited, not as decisive of the question under consideration, but to show the theory of the non-liability cases. It also cites and discusses Merriman v Moore, 90 Pa. St. 78, a liability case, and at page 552 it is said:

"That was an action like the present, to recover for a deficiency judgment, against a grantee, who held under a deed, subject to a mortgage which the grantee had verbally assumed to pay as a part of the purchase money. There, as here, it was insisted, that as the grantor was under no personal obligation to pay the debt, his grantor's promise to pay the same was not binding, for want of consideration.

The court say, the consideration was the price of the land. It was nothing to the grantee what the grantor did with the purchase money. He might direct how it should be paid. If the vendee agrees to pay it as the vendor directs, the former cannot set up, as a defense, that his vendor was under a duty to apply it in that way. If this principle be sound, and we see no reason to question it in a case like the present then it follows that the plaintiffs in error were liable on their covenant to pay, **even though Mary Braundel was not.**"

The authorities outside of Ohio are set forth in annotations to Title and Trust Company v Bushnell (Tenn.) 12 A.L.R. 1528. Baber v Haney, 12 A.L.R., 1518, and Cockrill v Poe et, (Wash.), 12 A.L.R., 1524, all of which are referred to and commented upon in Mullen v Clermont Realty Co., supra.

Outside of Ohio there is irreconcilable conflict, depending upon the theory adopted by the courts considering the cases. The two theories are, 1. Subrogation, under which a break in the chain of assumption of payment .of the debt relieves all succeeding grantees from liability. 2. The right of a third party to sue upon a contract made between others for his benefit. Under the second theory liability is held to attach, although there is a break in the chain of the assumption of the debt. The States coming within the second class are Colorado, Illinois, Iowa, Missouri, Nebraska, Pennsylvania, South Carolina, Tennessee, Utah, Washington and Wisconsin.

We recognize the uncertainty of controlling precedent and no question has come to our attention where, outside of Ohio, there is more marked difference of credible authority than upon the one presented in this case. The trial court in the able opinion which we have had before us carefully and capably analyzed the cases on the subject, presented and followed the clear weight of authority as found in the Ohio Appellate decisions, heretofore commented upon, and in so doing adopted a safe and reasonable course.

But, though we recognize the eminence of the Ohio courts which have heretofore passed on the question presented, our Su-

preme Court has not directly considered it. We are not satisfied that Ohio is in the list of states committed to the non-liability theory. We are, however, on principle inclined to the opinion of liability. In the deed by which DeWeese took title we have an express provision in writing, wherein the grantee assumes and agrees to pay a specific obligation.

There is no claim that the assumption covenant was inadvertently inserted in the deed and no action by defendant to reform. If we relieve the grantee we strike the whole assumption covenant from his deed. The law favors the right of contract. There is a consideration moving from the grantee, who assumes the debt, in the liability which he may have to meet in payment of a deficiency judgment. There is a consideration moving to the grantor, in that it must be assumed that he has made some monetary concession to his grantee in the purchase price by reason of his agreement to pay the mortgage debt.

No persuasive reason appears why the grantor should not direct how and to whom his grantee should pay a portion of the purchase price of the property which he took by deed. In the third proposition of the syllabus of Merriman v Moore, supra, it is said:

"It is a rudamentary principle that a party may sue on a promise made on a sufficient consideration, for his use and benefit, though it be made to another and not himself."

The deed by which the last grantee took title may always be subject to reformation whereby the grantor would be compelled to assume the mortgage indebtedness, at which time if the court ignores grantee's promise to pay by sheer force of technical legal interpretation his grantee will have been released from any liability whatever.

This question is of much concern to those who deal in titles, and should be decided by a court of last resort. There are two appellate court cases, Keehl v Roberts, supra, and Ryan v Buckeye Building and Loan Company, supra, in conflict with our decision. We will therefore certify this case to the Supreme Court.

Being of opinion that the demurrer to the petition should have been overruled, the judgment of the trial court will be reversed and judgment entered for plaintiff in error.

ALLREAD, PJ, and KUNKLE, J, concur.