**NILES (City), Plaintiff, v. EVANS et, Defendants.**

Common Pleas Court, Trumbull County.

No. 63918.    Decided August 15, 1955.

Mitchell F. Shaker, City Solicitor, Niles, for the plaintiff.

Lewis L. Guarnieri, Warren, W. P. Barnum, Youngstown, for the defendants.

## OPINION

By McLAIN, J.

In 1926, The Mahoning Valley Sanitary District, consisting of the City of Youngstown in Mahoning County and the City of Niles in Trumbull County, was organized under §§6602-34 to 6602-106 GC (§6115.01 to §6115.99 R. C.).

Since that time, the district has been engaged in supplying water to the member cities and surrounding area by virtue of sales contracts between the users and the cities of Youngstown and Niles.

In the year 1950, with the approval of the court of jurisdiction, the district, being desirous of obtaining additional raw water from what

is known as Berlin Reservoir, a body of water maintained and operated by the United States Army situated about nine miles distant from Meander Reservoir, and for the purpose of constructing a pipe line between the two bodies of water together with an enlargement of the Mahoning Valley Sanitary District's present facilities at a cost of about $6,000,000.00 set up a plan designated as Amendment No. 1, and a board of appraisers was appointed for the purpose of valuing land to be taken for and damaged by the proposal, and for the purpose of evaluating the benefits which would accrue under the amendment.

Hearings were held and a report filed by the board of appraisers and, on September 22, 1952, exceptions to the report, which were filed by the City of Niles, Ohio, plaintiff herein, were overruled, and the report of the appraisers which apportioned the benefits by allocating 35% of the cost of the total improvement on the basis of tax duplicates and 64% on the basis of water consumption, which resulted in apportioning 81.85% of the cost to the City of Youngstown and 18.148% of the cost to the City of Niles, was adopted.

Thereafter, on March 10, 1953, the court of jurisdiction set aside the order of September 29, 1952, and ordered the appraisers to submit a second amended report.

Thereafter, on March 19, 1953, the second amended report of the appraisers having been filed, pursuant to the directions of the court, in which the cost of the improvement was so weighted on the basis of tax duplicates and water consumption that it resulted in an allocation of 83% of the cost to the City of Youngstown and 17% of the cost to the City of Niles. This report was approved and adopted by the court and, thereafter, the City of Niles appealed from each of the foregoing orders.

The Court of Appeals dismissed the appeals for the reason that the controlling statutes made no provision for the appeals taken.

A motion to certify the record was allowed by the Supreme Court of Ohio, and the decision of the Court of Appeals of the Seventh District was affirmed by the Supreme Court of Ohio.

Thereafter, the City of Niles Filed a petition for a writ of certiorari in the Supreme Court of the United States which petition was dismissed by that Court.

The plaintiff then filed an action in this Court seeking an injunction, under §§2723.01 and 2723.02 R. C., seeking to enjoin and forever restrain the levy of the assessments upon the following grounds:

(a) The report of the Board of Appraisers filed in Case No. 58478 of the Mahoning County Sanitary District Court, and approved by said order, was not made in accordance with the law and the provisions of the Ohio Sanitary District Act.

(b) The Special Common Pleas Court was without any authority or right to allocate or apportion the total benefits of Amendment No. 1 of the Official Plan of the Mahoning Valley Sanitary District between the Cities of Niles and Youngstown as it attempted to do in said order.

(c) Said Special Court was without any right or authority to approve recommendation of the Board of Appraisers that areas outside the Mahoning Valley Sanitary District to which is distributed water of said

Sanitary District are, or have been, made, should not be made a part of the Mahoning Valley Sanitary District, as said Court did in said order.

(d) The Special Court of Common Pleas was without any right or authority to approve a report of the Board of Appraisers, notice of which had not been published as required by law.

(e) The Special Common Pleas Court was without any right or authority to approve a report of the Board of Appraisers, wherein on the basis of the tax duplicate of the City of Niles, said City and its taxpayers would be required to pay over twice the assessment per One Thousand Dollars ($1,000.00) of tax valuation as would the taxpayers of the City of Youngstown.

(f) The Special Common Pleas Court and the defendants herein are without authority to levy assessments against the City of Niles and the City of Youngstown unless the areas outside of said cities receiving benefits of Amendment No. 1 be also assessed for said improvement.

(g) The Special Common Pleas Court, having previously made a final order on the 29th day of September, 1952, approving a report of the Board of Appraisers in connection with Amendment No. 1 of the Official Plan of the Mahoning Valley Sanitary District, was without authority to make any further orders in that matter.

The case was submitted to this Court upon an agreed statement of facts. Defendants have set up the defense of res judicata. This defense will be first considered for the reason that if it has been established, it would be dispositive of the entire controversy.

It has long been the established law of this state that an existing final judgment or decree rendered upon the merits, and without fraud or collusion by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to the parties or their privies in all other actions or suits in the same or any other judicial tribunal of concurrent jurisdiction. **O. Jur. Judgment Section 730. Quinn v. State, ex rel., 118 Oh St 48.**

It is equally apparent, under the views expressed many times by the Supreme Court of Ohio, that where the issue has been joined on a material fact in an action, and the issue judicially determined by a court having jurisdiction of the action, the parties to such action are concluded by said finding until the judgment is reversed or set aside and the fact thus established cannot be re-tried by the same parties in any subsequent action IDENTICAL or DIFFERENT. (Emphasis added.) **Norwood v. McDonald et al., 142 Oh St 299. Hixon v. Ogg, 53 Oh St 361.**

This rule has even been extended to any other matters which, under the rules of practice and procedure, could have been determined. This doctrine is founded on the theory that there should be reasonable finality to litigation, and that parties should not be vexed and subjected to continuous litigation involving the same issues.

Since there is no evidence of fraud or collusion whatsoever and, in fact, such is not claimed or asserted, it appears there are only two necessary inquiries in the determination of the validity of the defense of res judicata to this action.

It is apparent from the agreed statement of facts submitted that

all of the questions raised by the plaintiff in this action were also raised before the Board of Jurisdiction of the Mahoning Valley Sanitary District. Although this is an action in equity, all the matters at issue are common to both this proceeding and the one had before the Court of Jurisdiction.

It is equally apparent that these issues were judicially determined by a court of competent jurisdiction. Sec. 6115.07 R. C., provides as follows:

"Immediately after the filing of the petition provided for in §6115.05 R. C., the clerk of the court with whom such petition is filed shall give notice by publication, in accordance with the suggested form in division (A) of §6115.79 R. C., of the pendency of the petition and of the time and place of the hearing thereon. Such clerk shall cause such notices to be served personally upon the clerk of each political subdivision within the proposed district.

"The court of common pleas of the county in which the petition was filed shall thereafter for all purposes of §§6115.01 to 6115.79, inclusive, R. C., except as otherwise provided in such sections, maintain and have original and exclusive jurisdiction coextensive with the boundaries and limits of said district and of lands and other property proposed to be included in said district or affected by said district, without regard to the usual limits of its jurisdiction."

The Board of Jurisdiction of a conservancy district has been plainly defined as a common pleas court. Miami County v. City of Dayton, 92 Oh St 219.

It was pointed out by the court in that case that a hearing is involved, a trial upon certain issues made by the petition, and the objections thereto, and certain findings made by the Court of Common Pleas in that behalf, all of which are essentially judicial in their nature.

An examination of the opinion of the Supreme Court of Ohio in the case of City of Niles, Appellant, v. Mahoning Valley Sanitary District, Appellee, 161 Oh St 259, clearly establishes the jurisdiction of the Court to determine the issues herein raised under §6602-65 GC. (§6115.36 R. C.) The Court in that case held:

"If it appears to the satisfaction of the court after having heard and determined all said exceptions that the estimated cost of constructing the improvement contemplated in the official plan is less than the benefits appraised, then the court shall approve and confirm the appraisers' report as so modified and amended, and such findings and appraisals shall be final and incontestable." (Emphasis added.)

The Supreme Court, in the foregoing case, points out that there is no inherent right of appeal from the judgment of a court, and such right must be conferred by the constitution or statute, and that although Section VI, Article 4 of the Ohio Constitution and §2505.03 R. C., provides that every final order, judgment, or decree of the court may be reviewed, unless otherwise provided by law, as provided in §§2505.4 to 2505.45 R. C.: §6115.36 R. C., making the findings of a sanitary district court of the provisions of a report of a board of appraisers, as modified and amended, final and incontestable, constitutes a prohibition of an appeal as provided by statute.

The Court is not unmindful of the fact that this proceeding is in equity, but courts of chancery cannot disregard statutory provisions. Equity courts are bound by positive provisions of a statute equally with courts of law.

While equity may remove impediments which are in the way to legal right or help where the legal remedy is incomplete by enforcing a recognized right in a manner unattainable at law and on principles of equality and fairness will sometimes soften the rigor of the law, a court of equity cannot create a remedy in violation of law.

Thus, wherever the rights of parties are clearly defined and established by law, whether it is common or statutory law, equity has no power to change those rights and, in such an instance, the maxim, "equitas sequitur legem," is strictly applicable.

Neither can a court of equity, under this doctrine, where there exists positive governing statutes, apply an equitable interpretation of such statutes even to avoid a seemingly undesirable result. **Longworth v. Mitchell, 26 Oh St 334.** In other words, positive statutes govern courts of equity the same as courts of law.

Likewise, it was early decided in this state that equity follows the law as a matter of course in giving effect to judgments of common law courts. **Star v. Star, 1 Ohio 321.**
Also:

"The maxim, 'equitas sequitur legem,' is strictly applicable in all cases where the rights and situation of litigants are clearly defined and established by law and, hence, in all such cases equity is powerless to change the rights or unsettle the situation." Hedges v. Dixon County, 150 U. S. 182.

"Where the Legislature has prescribed a rule of law which governs the rights of parties, equity, equally with courts of law, is bound and cannot disregard such provisions." Giberson v. First National Bank, 136 Atlantic, 323.

The plain language of the governing statutes discloses a clearly evinced legislative intent to clothe the court of jurisdiction of a sanitary district with plenary, complete, and final jurisdiction in respect to both the organization of the district as well as the determination of changes in the boundaries thereof, and the approval of benefits and appraisals. Secs. 6115.04 and 6115.36 R. C.

This conclusion is also strengthened by the application of an elementary principle of statutory construction. Legislative enactments in respect to a particular subject prevail over general legislation which may include the same subject. 37 O. Jur. 140.

A recent expression by the Supreme Court of Ohio is found in the case of **Eggers et al., Appellees, v. Morr et al., Appellants,** decided February 9, 1955, 162 Oh St 527:

"We have held again and again that a special statutory provision which applies to a specific subject matter constitutes an exception to a general statutory provision covering other subjects as well as the specific subject matter which might otherwise be included under the general provision. **Acme Engineering Co. v. Jones, Admr., 150 Oh St 423, 83 N. E. (2d), 202; State, ex rel. Elliott Co., v. Connar, Supt., 123 Oh St 310, 175**

N. E. 200; State, ex rel. Steller et al., Trustees, v. Zangerle, Aud., 100 Oh St 414; 126 N. E. 413."

This is particularly true when special provisions are of a later date. Sec. 2723.01 R. C., under which this action is brought, is a recodification of §12075 GC, which was formerly §5848 R. S., passed by the Legislature in 1856. 53 O. L. 178. The Sanitary District Act, formerly §6602-34 GC, was enacted in 1919. 108 O. L. (Part One) 634.

For the foregoing reasons, this Court is of opinion that the issues herein raised were judicially determined by the Board of Jurisdiction of the Mahoning Valley Sanitary District, and this Court is without jurisdiction in this action.

The petition of the plaintiff is, therefore, dismissed at the plaintiff's costs. Counsel may prepare a journal entry in accordance herewith.