[Cite as *Jones v. Summit Cty. Job & Family Servs.*, 2016-Ohio-4940.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

KEELY JONES

    Appellant

    v.

SUMMIT COUNTY JOBS & FAMILY
SERVICES, et al.

    Appellees

C.A. No.    27708

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2014 05 2420

DECISION AND JOURNAL ENTRY

Dated: July 13, 2016

CARR, Presiding Judge.

{¶1}    Appellant, Keely Jones, appeals an order that dismissed her complaint. This Court affirms.

I.

{¶2}    Keely Jones was employed by the Summit County Department of Job and Family Services ("SCDJFS") until May 17, 2013, when she was terminated. During her employment, Ohio Council 8, American Federation of State, County and Municipal Employees, AFL-CIO ("AFSCME") was the certified exclusive representative of bargaining unit employees of SCDJFS, and Ms. Jones was a member of the bargaining unit. After SCDJFS terminated her employment, Ms. Jones sued SCDJFS and AFSCME. She argued that there were irregularities in the process that lead to her termination and that AFSCME failed in its duty to represent her. SCDJFS and AFSCME moved to dismiss, arguing that the trial court did not have jurisdiction to

consider her claims. The trial court granted the motion with respect to both defendants. Ms. Jones appealed.

II.

## ASSIGNMENT OF ERROR I

THE OVERWHELMING WEIGHT OF EVIDENCE PRODUCE[D] BY THE SUMMIT COUNTY JOBS AND FAMILY SERVICES COULD NOT BE EVALUATED FOR ACTUAL DATES AND TIMES TO ENSURE THE VIOLATIONS TOOK PLACE PRIOR TO THE DATED MAY 10, 2013 LETTER OF KELLY JONES RECEIVED PLACE ON A PAID ADMINISTRATIVE LEAVE EFFECTIVE MAY 13, 2013. WITHOUT BEING INFORMED HOW, WHERE AND TO WHOM TO APPEAL KEELY JONES TERMINATION WITHOUT THIS PROCESS HOW COULD KEELY JONES PRESENT HER SIDE OF THE EVIDENCE TO CLEAR HER NAME AND REPUTATION AS AN ELEVEN YEAR MEDICAID CASE MANAGER II. SUMMIT COUNTY JOBS AND FAMILY SERVICES MADE THE APPEAL UNATTAINABLE BY NOT DISCLOSING KEELY JONES APPEAL RIGHTS. THEREFORE, IF THE COUNTY EXECUTIVE-RUSSELL M. PRY DID NOT DISCLOSE KEELY JONES APPEAL RIGHTS IN HIS LETTER OF TERMINATION THEN KEELY JONES FAILED TO EXHAUST ALL ADMINISTRATIVE REMEDIES AND THE TRIAL COURT LACK JURISDICTION IS A TRUE STATEMENT.

{¶3} In her first assignment of error, Ms. Jones appears to argue that the trial court erred by denying her motion to dismiss with respect to SCDJFS because SCDJFS was obligated to provide her with an appeal from her termination hearing. Ms. Jones did not raise this argument in the trial court, and she cannot raise it for the first time on appeal. *Wells Fargo Bank, N.A. v. Horn*, 9th Dist. Lorain No. 12CA010230, 2016-Ohio-1573, fn.1. Her first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING MOTION TO DISMISS FOR LACK OF JURISDICTION AND NOT EXHAUSTING ALL REMEDIES FOR OHIO COUNCIL 8 (UNION) BECAUSE KEELY JONES (EMPLOYEE) IS A BARGAINING MEMBER, THE UNION DID NOT PROVIDE FOR AN APPEAL TO CHALLENGE THE DISCHARGE FOR VIOLATIONS OF THE

ORC 124.34 RULES OUTSIDE OF THE COLLECTIVE-BARGAINING AGREEMENT.

{¶4} The substance of Ms. Jones' second assignment of error is unclear, but it appears that she argues that the trial court erred by dismissing her complaint with respect to AFSCME on the basis that she failed to exhaust her administrative remedies by filing an unfair labor practice charge with the State Employment Relations Board. In support of this assignment of error, Ms. Jones reiterates the allegations in her complaint that the Union failed in its duty of fair representation.

{¶5} Because AFSCME's motion to dismiss argued that the trial court lacked subject matter jurisdiction over Ms. Jones' claims, it is properly considered under Civ.R. 12(B)(1). A complaint may only be dismissed under Civ.R. 12(B)(1) when it raises no cause of action that is cognizable by the forum. *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989). This Court reviews a motion to dismiss for lack of subject matter jurisdiction de novo. *Crestmont Cleveland Partnership v. Ohio Dept. of Health*, 139 Ohio App.3d 928, 936 (10th Dist.2000).

{¶6} It is an unfair labor practice for a public employee union to "[f]ail to fairly represent all public employees in a bargaining unit." R.C. 4117.11(B)(6). The remedy for an alleged unfair labor practice is an administrative charge filed with the State Employment Relations Board ("SERB"). R.C. 4117.12(A). SERB's jurisdiction over unfair labor practices is exclusive. *State ex rel. Cleveland v. Sutula*, 127 Ohio St.3d 131, 2010-Ohio-5039, ¶ 16. Once SERB issues a decision regarding an unfair labor practice, a court of common pleas has jurisdiction to hear enforcement proceedings and administrative appeals as provided by R.C. 4117.13. "The statutes pertaining to unfair labor practices do not provide for the filing of an original complaint in common pleas court." *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9*, 59 Ohio St.3d 167, 169 (1991).

**{¶7}** Ms. Jones' complaint is neither an action to enforce a SERB decision nor an administrative appeal from a SERB decision related to an unfair labor practice. Instead, it is an original complaint alleging an unfair labor practice filed in a court of common pleas. As such, it does not fall within the trial court's jurisdiction over unfair labor practices as described in R.C. 4117.13, and the trial court did not err by dismissing her claims with respect to AFSCME.

**{¶8}** Ms. Jones' second assignment of error is overruled.

III.

**{¶9}** Ms. Jones' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

MOORE, J.
SCHAFER, J.
CONCUR

APPEARANCES:

KEELY JONES, Appellant.

MICHAEL D. BATCHELDER, Attorney at Law, for Appellees.