[Cite as *Pugh v. Capital One Bank USA N.A.*, 2021-Ohio-994.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| | | |
|---|---|---|
| JAMES S. PUGH | | C.A. No. 20CA011643 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CAPITAL ONE BANK (USA) NA, et al. | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellees | | CASE No. 18CV196556 |

DECISION AND JOURNAL ENTRY

Dated: March 29, 2021

CALLAHAN, Presiding Judge.

{¶1} Appellant, James Pugh, appeals from the judgment of the Lorain County Court of Common Pleas dismissing his complaint for failure to state a claim. For the reasons set forth below, this Court affirms.

I.

{¶2} Mr. Pugh filed a "Complaint in Equity for a Judicial Composition Agreement" wherein he sought to adjust his debts against thirty of his creditors via a "judicial composition agreement." Mr. Pugh conceded he owed the debt, but claimed he was insolvent and offered to pay twenty-percent of the total debt. Mr. Pugh demanded a "lawful Judicial Composition Agreement be formulated, declared and ordered by the [c]ourt and that such judgment against Defendants be issued[.]"

{¶3} Three of the defendant creditors, LNVN Funding, LLC ("LNVN"), Citibank, N.A. ("Citibank"), and Midland Credit Management, Inc. ("Midland") filed answers. Citibank also

filed a counterclaim for monies due on a credit card account. LNVN moved for and was granted judgment on the pleadings as to Mr. Pugh's complaint. Additionally, Citibank filed a motion for summary judgment as to its counterclaim and Mr. Pugh's complaint. The trial court granted Citibank's motion for summary judgment as to both pleadings and entered judgment in the amount of $1,396.71 in favor of Citibank and against Mr. Pugh.

{¶4} Thereafter, Mr. Pugh voluntarily dismissed two defendant creditors, Midland and Synchrony Bank Care Credit Pref. Dental, and filed a notice of acceptance of a compromise agreement with a third defendant creditor, Capital One Bank, USA. As to the remaining defendant creditors, Mr. Pugh filed a motion for judgment on the pleadings which was denied. Mr. Pugh then filed a motion for summary judgment. The trial court did not rule on this motion. Instead, the trial court gave Mr. Pugh notice of its intent to consider a dismissal for failure to state a claim and set a deadline for Mr. Pugh to file a brief in support of his complaint. In response, Mr. Pugh filed a supplemental motion for summary judgment. Thereafter, the trial court dismissed Ms. Pugh's complaint for failure to state a claim.

{¶5} Mr. Pugh timely appealed, asserting one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DISMISSED THE PLAINTIFF'S CASE ON ITS OWN MOTION UNDER CIV.R. 12(B)(6) AND IN DENYING AND FAILING TO GRANT PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS (FILED 1/22/2019), PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (FILED 4/02/2019) OR PLAINTIFF'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT (FILED 3/27/2020)[.] THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DISMISSING THE CASE AND IN ITS DENIAL OF [MR.] PUGH ACCESS TO THE [C]OURT. [MR.] PUGH WAS WRONGFULLY DENIED ACCESS TO THE COURT AND WRONGFULLY DENIED EQUITABLE RELIEF AND AN EQUITABLE ORDER AND JUDGMENT THAT HE SOUGHT FOR HIS REHABILITATION FROM THE TRIAL COURT.

**{¶6}** Mr. Pugh argues that the trial court erred in dismissing his complaint and in not exercising its equitable jurisdiction to grant him a "judicial composition agreement." We disagree.

**{¶7}** A motion to dismiss pursuant to Civ.R. 12(B)(6) is a procedural motion that tests the sufficiency of the plaintiff's complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). The dismissal of a complaint for failure to state a claim is warranted when based upon the complaint it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle the plaintiff to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In considering a motion to dismiss based upon Civ.R. 12(B)(6), the court "must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). Further, the trial court cannot consider allegations or evidence outside the complaint and its incorporated attachments when deciding a Civ.R. 12(B)(6) motion. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997); *King v. Semi Valley Sound, LLC*, 9th Dist. Summit No. 25655, 2011-Ohio-3567, ¶ 8. "[A] court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief may be granted, only after the parties are given notice of the court's intention to dismiss and an opportunity to respond." *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108 (1995). This Court reviews de novo a trial court's decision to dismiss for failure to state a claim under Civ.R. 12(B)(6). *Park Street Group, LLC v. White*, 9th Dist. Summit No. 28254, 2017-Ohio-1188, ¶ 8, citing *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5.

**{¶8}** In his brief, Mr. Pugh acknowledges that the trial court dismissed his complaint for failure to state a claim, but he "[b]elieve[s]" the dismissal was "more akin to a Civ.R. 12(B)(1) dismissal." Mr. Pugh argues that the trial court erred in dismissing his complaint because it has

subject matter jurisdiction pursuant to the Ohio Constitution, the Ohio Revised Code, and English common law and chancery to decide matters based in equity and the trial court refused and failed to exercise its equitable jurisdiction in this matter.

{¶9} Mr. Pugh's argument involves two of the three recognized types of jurisdiction: "subject matter jurisdiction" and "jurisdiction over the particular case." *See State v. Parker*, 95 Ohio St.3d 524, 2002-Ohio-2833, ¶ 22 (Cook, J., dissenting), citing *State v. Swiger*, 125 Ohio App.3d 456, 462 (9th Dist.1998). The Ohio Supreme Court has recognized that "[t]here is a distinction between a court that lacks subject-matter jurisdiction over a case and a court that improperly exercises that subject-matter jurisdiction once conferred upon it." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 10.

{¶10} Subject matter jurisdiction refers to the power of a court to hear and decide a case on the merits. *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998), citing *Morrison v. Steiner*, 32 Ohio St.2d 86 (1972), paragraph one of the syllabus. "A complaint may only be dismissed under Civ.R. 12(B)(1) when it raises no cause of action that is cognizable by the forum." *Jones v. Summit Cty. Job & Family Servs.*, 9th Dist. Summit No. 27708, 2016-Ohio-4940, ¶ 5, citing *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989). *See Bringheli v. Parma City School Dist. Bd. of Edn.*, 8th Dist. Cuyahoga No. 91064, 2009-Ohio-3077, ¶ 10 ("The standard of review for a dismissal pursuant to Civ.R. 12(B)(1) * * * is whether the plaintiff has alleged any cause of action over which the court has authority to decide."). The focus of subject matter jurisdiction is "on the court as a forum and on the case as one of a class of cases, not on the particular facts of a case or the particular tribunal that hears the case." *Swiger* at 462.

{¶11} The Ohio Supreme Court "has long held that the court of common pleas is a court of general jurisdiction, with subject-matter jurisdiction that extends to 'all matters at law and in

equity that are not denied to it.'" *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 20, quoting *Saxton v. Seiberling*, 48 Ohio St. 554, 558-559 (1891). While, we agree with Mr. Pugh that the trial court in this matter had subject matter jurisdiction over matters at law and in equity, this conclusion is not dispositive to the issue on appeal. The trial court did not dismiss Mr. Pugh's complaint for lack of subject matter jurisdiction because he failed to allege a cause of action over which the trial court had the authority to decide. Rather, the trial court dismissed his complaint because Mr. Pugh failed to state a claim upon which relief can be granted. By addressing the sufficiency of Mr. Pugh's complaint, the subject matter jurisdiction of the trial court was "virtually" admitted and not challenged. *See generally Saxton* at 558. Accordingly, Mr. Pugh's arguments based upon Civ.R. 12(B)(1) are misplaced.

{¶12} "The term 'jurisdiction' is also used when referring to a court's exercise of its jurisdiction over a particular case." *Pratts*, 102 Ohio St.3d 81, 2004-Ohio-1980, at ¶ 12. Jurisdiction over the particular case involves the authority of the trial court ""'to determine a specific case within that class of cases that is within its subject matter jurisdiction.'"" *Id.*, quoting *Parker*, 95 Ohio St.3d 524, 2002-Ohio-2833, at ¶ 22 (Cook, J., dissenting), quoting *Swiger* at 462.

{¶13} Mr. Pugh's argument that the trial court refused and failed to exercise its equitable jurisdiction when it dismissed his complaint refers to the trial court's exercise of its jurisdiction over the particular case. *See Pratts* at ¶ 12. "'To bring a cause within the jurisdiction of a court of equity, it is requisite that the primary right involved be an equitable right as distinguished from a legal right, or that the remedy at law as to the right involved is not full, adequate and complete.'" *Bd. of Edn. of the N. Olmsted City School Dist. v. Bd. of Edn. of the Cleveland Mun. School Dist.*, 108 Ohio St.3d 479, 2006-Ohio-1504, ¶ 51 (Lundberg Stratton, J., dissenting), quoting *State ex rel. Lien v. House*, 144 Ohio St. 238, 244 (1944), citing 30 Corpus Juris Secundum, Equity, Section

20, at 338. Mr. Pugh's arguments generally address both the trial court's equitable authority in this matter and his equitable right to have his debts adjusted through a judicial composition agreement.

{¶14} In his complaint, Mr. Pugh asserted a single claim based in equity for the adjustment of his debts via a judicial composition agreement. Mr. Pugh identified thirty defendant creditors who had made demands to him for the payment of his debts and the amount owed to each creditor. Mr. Pugh admitted that he owed the debts totaling $14,700.05. Mr. Pugh alleged that he had insufficient non-exempt assets to pay the sums due and that he was judgment proof. In the complaint, Mr. Pugh made an "offer" to the defendant creditors of "a twenty (20%) compromise or composition" of their claimed debt to be paid monthly over a period of three years. Based upon these averments, Mr. Pugh demanded a "lawful Judicial Composition Agreement be formulated, declared and ordered by the [c]ourt and that such judgment against Defendants be issued[.]"

{¶15} Mr. Pugh argues that his complaint is premised upon the Ohio Supreme Court's decision in *J. T. Way & Co. v. S. T. & R. Langley*, 15 Ohio St. 392 (1864). Mr. Pugh claims that *J. T. Way & Co.* "validated" the law in Ohio that an embarrassed debtor could have his debts adjusted and may seek a composition agreement made in good faith. Mr. Pugh concludes that the law expressed in *J. T. Way & Co.* provides him, as an embarrassed debtor, an equitable right to have his debts adjusted pursuant to a "judicially ordered composition agreement" regardless of his creditors' objections. Mr. Pugh's reliance upon *J. T. Way & Co.* is misplaced because it is factually distinguishable from the instant matter and Mr. Pugh has misconstrued *J. T. Way & Co.*

{¶16} In *J. T. Way & Co.*, the embarrassed debtors and their creditors had entered into and completed a composition agreement prior to the suit being filed. *Id.* at 397. The debtors in *J. T. Way & Co.* relied upon the composition agreement to argue that subsequent promissory notes

related to the debt released in the composition agreement were void for lack of consideration. *Id.* In affirming the lower courts' decisions in favor of the debtors, the Ohio Supreme Court recognized "[t]he binding force and validity of a composition agreement made in good faith between an embarrassed debtor and his creditors, and fully carried into execution[.]" *Id.* at 397-399. *J. T. & Way Co.* acknowledged the right of an embarrassed debtor and his creditors to enter into a composition agreement and the validity of a composition agreement. *Id.* at 397-398.

{¶17} Unlike the debtors and creditors in *J. T. Way & Co.*, Mr. Pugh and his creditors have not entered into a composition agreement. Nor does Mr. Pugh seek to invalidate another instrument based upon the validity and binding effect of an existing composition agreement. Rather, Mr. Pugh demands, based upon the authority of *J. T. Way & Co.*, that the trial court create and order a judicial composition agreement between himself and his creditors that is based upon his offer to compromise contained in the complaint. Contrary to Mr. Pugh's position, *J. T. Way & Co.* did not address the equitable right of an embarrassed debtor to adjust his debt via a judicial composition agreement. Accordingly, *J. T. Way & Co.* does not support the equitable right asserted by Mr. Pugh in his complaint.

{¶18} In his appellate brief, Mr. Pugh explains that his complaint sought to have the trial court recognize his "embarrassed circumstances, his exemptions under law, a lack of recoverable assets, and his reasonably asking [the trial court] to approve the structure of a proposed repayment plan proposed in good faith invoking the equitable jurisdiction of [the trial court] and seeking an order for an equitable judicial composition compromising his debt." Other than *J. T. Way & Co.*, Mr. Pugh provides no other law in support of his claimed equitable right. Nor does Mr. Pugh cite to any statutory or constitutional provision providing for such an equitable right.

{¶19} We are mindful, however, that where the rights of the parties are not clearly defined in law, broad equitable principles of fairness apply and will determine the outcome of each case individually. *Civ. Serv. Personnel Assn., Inc. v. Akron*, 48 Ohio St.2d 25, 27 (1976). In the absence of any law recognizing his asserted equitable right, Mr. Pugh suggests that his equitable right to a judicial composition agreement for the adjustment of his debts in the trial court is akin to the debts of insolvent estates and deceased persons being adjusted in probate court. If Mr. Pugh's claim for protection of a wrong or a right is of a nature similar to one that has been recognized and protected, but has no established relief in precedent, then Mr. Pugh can proceed under the equitable maxim that "equity will not suffer a wrong to be without a remedy."[1] *See Civ. Serv. Personnel Assn., Inc.* at 27.

{¶20} Mr. Pugh analogizes that because the probate court adjusts the debts of "'dead people[,]'" "[s]urely living humans can * * * receive absolution of debt" in the trial court. We do not agree that the actions of the probate court are of a similar nature as those being asserted by Mr. Pugh in this case. The probate court does not order the estate's creditors to accept a percentage of the claims owed based upon a good faith offer from the administrator of the estate to compromise the debt. Rather, the probate court, after a hearing, confirms or disapproves the administrator's classification and allowance of claims. R.C. 2117.17(C). The claims are paid in accordance with the priority of classes set forth in R.C. 2117.25(A). If there are insufficient funds, the statute mandates that the creditors in that class be paid ratably. R.C. 2117.25(E). Accordingly, the probate court is not "adjust[ing]" the debt of an insolvent estate as suggested by Mr. Pugh.

---

[1] This maxim has also been stated as equity will not suffer "a right, to be without a remedy." 30A Corpus Juris Secundum, Equity, Section 132 (Mar. 2021 Update).

{¶21} Because the equitable right pled in Mr. Pugh's complaint is not recognized in law, nor is there a right of a similar nature that has been recognized and protected, Mr. Pugh has failed to state a claim upon which relief can be granted. Without a recognized right, the equitable maxim that equity will not suffer a right to be without a remedy is not applicable in this matter to confer equitable jurisdiction upon the trial court. *See generally Brownfield, Bowen, Bally & Sturtz v. Bd. of Edn.*, 56 Ohio App.2d 10, 12 (4th Dist.1977) ("The maxim 'Equity will not suffer a wrong to be without a remedy,' emphasizes the point that where a court recognizes the rightfulness of a litigant's claim it will endeavor to find a remedy, a way to uphold and enforce that claim.").

{¶22} Mr. Pugh's request for a judicial composition agreement to adjust his debts also fails to state a claim upon which relief can be granted because it contradicts the courts' equity powers in relation to contracts, usurps the fundamental right of the freedom to contract, and violates and supplants the common law right of debtors and creditors to enter into a composition agreement.

{¶23} A composition agreement, as the words suggests, is an agreement or contract between a debtor and two or more of his creditors wherein the creditors agree to accept as full satisfaction of the debt an amount less than the full amount due:

> A composition with creditors is generally defined as an agreement between an insolvent or embarrassed debtor and the debtor's creditors under which the creditors for some consideration, such as an immediate payment, agree to accept payment of less than the whole amount owing in full satisfaction of their respective claims.

24 Ohio Jurisprudence 3d, Creditors' Rights, Section 506 (Feb. 2021 Update). *See Columbus Concrete Constr. Co., Inc. v. Ross*, 10th Dist. Franklin No. 86AP-441, 1986 WL 15181, *4 (Dec. 30, 1986). *See also* 15B American Jurisprudence 2d, Composition with Creditors, Section 1 (Feb. 2021 Update) (recognizing a composition agreement under the common law theories of contract); 21 Corpus Juris Secundum, Creditor and Debtor, Section 88 (Mar. 2021 Update). Because it is a

contract, a composition agreement requires the debtor and the creditors to agree to the terms and that there be consideration. 24 Ohio Jurisprudence 3d, Creditors' Rights, Section 506 (Feb. 2021 Update); 15B American Jurisprudence 2d, Composition with Creditors, Section 1 (Feb. 2021 Update). *See J. T. Way & Co.*, 15 Ohio St. at 398; *Moses v. Katzenberger*, 12 Ohio Dec.Rep. 19, 20, 1854 WL 2902 (1854); *R. Brown & Co. v. Daugherty*, 8 Ohio Dec.Rep. 371, 372-373, 1882 WL 5728 (1882); *Keys v. Baldwin*, 9 Ohio Dec.Rep. 737, 739, 1887 WL 437 (1887). Composition agreements between debtors and creditors have been recognized, interpreted, and enforced in Ohio courts. *See, e.g., J. T. Way & Co.* at 398; *Moses* at 20; *R. Brown & Co.* at 371-373; *Keys* at 737-740; *Windhorst v. Brandt*, 18 Ohio App. 59, 61 (1st Dist.1923); *Columbus Concrete Constr. Co., Inc.* at *4.

{¶24} Mr. Pugh, however, seeks a *judicial* composition agreement. Mr. Pugh has not provided any legal authority, nor has this Court found any, defining or explaining what a judicial composition agreement is. Mr. Pugh's complaint provides some insight as to what he proposes to be a judicial composition agreement.

{¶25} In his complaint, Mr. Pugh made an offer to his creditors to compromise his debt. Mr. Pugh stated that he was "seeking [a composition] agreement for an order for an equitable composition agreement" wherein he would pay the amount offered in the complaint and each creditor would "be paid upon acceptance of the judicial compromise offer as set forth" in the complaint. Mr. Pugh's complaint also proposed the scope and substance of his obligations and rights under the "judicially ordered composition agreement." He demanded "a lawful Judicial Composition Agreement be formulated, declared and ordered by the [trial court] and that such judgment against [the creditors] be issued[,]" and that the original debt owed by Mr. Pugh and any claims by the creditors be "discharged, declared satisfied and terminated[.]"

{¶26}  Mr. Pugh argues that the trial court's equitable jurisdiction relative to the judicial composition agreement is not "subject to a creditor veto."  In essence, Mr. Pugh is suggesting that the creditors do not have the ability to reject his offer in the complaint.  As proposed by Mr. Pugh, a judicial composition agreement is in substance a contract made by the court for the debtor and creditors compromising the debtor's debts.

{¶27}  "A court of equity will not undertake to make a contract for the parties[.]"  *Pater v. Schumaker*, 21 Ohio App. 528, 531 (1st Dist.1926).  *See Liberal S. & L. Co. v. Frankel Realty Co.*, 137 Ohio St. 489, 500 (1940) ("[E]quity does not  * * *  make a new contract for the parties.").  *See, e.g., Nordlinger v. Libow*, 136 Misc. 438, 240 N.Y.S. 193 (1930) (Finding there was no composition agreement made by the parties, the court held "[i]t is not for the court to make a composition agreement or any other agreement.").  *See generally Smitt v. Aultman & Taylor Co.*, 28 Ohio C.D. 46, 54, 38 Ohio C.C. 46, 25 Ohio C.C.(N.S.) 561, 1916 WL 914 (5th Dist.1916) (Recognizing the plain provision in the contract, the court held that "equity does not permit courts to make other or change plain provisions of a contract."); *Mitchell v. Aetna Ins. Co.*, 6 Ohio Dec. 420, 428 (C.P.1897) (In relation to a request for reformation of a contract, the court recognized when there is no meeting of the minds, there is no contract and "[c]ourts do not make contracts; they only enforce them when justice and equity require it.").  Moreover, there is a recognized deep-seated right to the freedom to contract.  *Cincinnati City School Dist. Bd. of Edn. v. Conners*, 132 Ohio St.3d 468, 2012-Ohio-2447, ¶ 15.  *See Sec. Savs. Assn. of Dayton v. DeWeese*, 12 Ohio Law Abs. 565, 567, 1932 WL 2375 (2d Dist.1932), *rev'd on other grounds* 126 Ohio St. 480 (1933) ("The law favors the right of contract.").  Mr. Pugh's claim for a judicial composition agreement is essentially a contract made by the court which is prohibited in equity.  Additionally, a contract made by the court would erode the parties' fundamental right to freely contract.

{¶28} "Equitable principles 'cannot be invoked to destroy or supplant a legal right.'" *The Independence Square Shopping Ctr., Inc. v. Empire Elec. Fixture Co.*, 8th Dist. Cuyahoga No. 45651, 1983 WL 4690, *3 (Sept. 8, 1983), quoting *Civ. Serv. Personnel Assn., Inc.*, 48 Ohio St.2d at 27. Additionally, "a court of equity cannot create a remedy in violation of law." *Niles v. Evans*, 73 Ohio Law Abs. 493, 136 N.E.2d 177, 181 (C.P.1955). When common law defines and establishes the rights of parties, equity cannot be used to change those rights. *Id.* Composition agreements entered into by the debtor and his creditors are a recognized right in common law. *See J. T. Way & Co., supra.* Mr. Pugh's claim for a judicial composition agreement is being used to violate and supplant the common law right to enter into composition agreements by allowing courts to make the contract for the parties. Accordingly, equity does not permit Mr. Pugh's request for a judicial composition agreement.

{¶29} Upon review of Mr. Pugh's complaint and the attachments thereto, and presuming all factual allegations as true and construing the reasonable inferences in Mr. Pugh's favor, Mr. Pugh has failed to state a claim upon which relief can be granted under equity. Accordingly, we conclude that the trial court did not err in dismissing Mr. Pugh's complaint pursuant to Civ.R. 12(B)(6). Further, because Mr. Pugh has no equitable right in this matter, the trial court's equity jurisdiction was not invoked,[2] and there was no refusal or failure by the trial court to exercise equitable jurisdiction. *See Bd. of Edn. of the N. Olmsted City School Dist.* at ¶ 51 (Lundberg

---

[2] Equity jurisdiction may also be invoked when the remedy at law is inadequate. *See Bd. of Edn. of the N. Olmsted City School Dist.*, 108 Ohio St.3d 479, 2006-Ohio-1504, at ¶ 51 (Lundberg Stratton, J., dissenting), quoting *State ex rel. Lien*, 144 Ohio St. at 244, citing 30 Corpus Juris Secundum, Equity, Section 20, at 338. Because Mr. Pugh has failed to state a claim upon which relief can be granted, the issue of whether there is an adequate remedy at law as to the right invoked is moot.

Stratton, J., dissenting), quoting *State ex rel. Lien* at 244, citing 30 Corpus Juris Secundum, Equity, Section 20, at 338.

{¶30} Mr. Pugh also claims that by dismissing his complaint and not exercising its equity jurisdiction, the trial court denied him his constitutional right to open courts pursuant to the Ohio Constitution, Section 16, Article I. Mr. Pugh argues that the open courts provision "mandates" that the trial court "accept [his] complaint for equitable relief and grant him an equitable relief as prayed for in his complaint[.]"

{¶31} Article I, Section 16 of the Ohio Constitution states in pertinent part that "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay." Courts are required to provide a forum to administer justice pursuant to Article I, Section 16 of the Ohio Constitution when there is a legal right to maintain an action. *Kane v. Quigley*, 1 Ohio St.2d 1, 3 (1964). *See Wagner v. Vosler*, 12th Dist. Preble No. CA91-11-020, 1992 WL 193669, *3 (Aug. 10, 1992).

{¶32} Based upon our disposition above, Mr. Pugh failed to state a claim upon which relief can be granted. Because Mr. Pugh has failed to satisfy the threshold issue of asserting a cognizable claim that is entitled to a remedy, we conclude that Mr. Pugh was not denied his constitutional rights under Article I, Section 16 of the Ohio Constitution. *See Kane* at 3; *Wagner* at *3.

{¶33} Lastly, we note that Mr. Pugh's stated assignment of error also references the trial court's alleged error in failing to grant his motion for judgment on the pleadings, motion for summary judgment, and supplemental motion for summary judgment. Notably, Mr. Pugh does not challenge the trial court's judgments granting LNVN's motion for judgment on the pleadings

against Mr. Pugh and granting Citibank's motion for summary judgment as to its counterclaim and Mr. Pugh's complaint and entering a money judgment against Mr. Pugh.  We will limit our review accordingly.

{¶34}  Based upon our conclusion that the trial court did not err in dismissing Mr. Pugh's complaint for failure to state a claim upon which relief can be granted, Mr. Pugh was not entitled to judgment on the pleadings.  *See King v. Stump*, 4th Dist. Ross No. 97CA2349, 1998 WL 903494, *1-2, 4 (Dec. 28, 1998) (Based upon the trial court's sua sponte dismissal of plaintiff's complaint as being "fatally defective on its face, [the plaintiff] was not entitled to judgment on the pleadings.").  Additionally, Mr. Pugh's pending motions for summary judgment and supplemental summary judgment became moot when the trial court, on its own motion, dismissed Mr. Pugh's complaint for failure to state a claim.  *See Parker v. Mausser*, 10th Dist. Franklin No. 18AP-137, 2018-Ohio-4296, ¶ 10-13, 24, 26 (The plaintiff's pending motions for summary judgment and default judgment were rendered moot when the trial court, on its own motion, dismissed the plaintiff's complaint for failure to state a claim.).  Accordingly, we conclude that the trial court did not err in denying each of Mr. Pugh's motions.

{¶35}  Mr. Pugh's assignment of error is overruled.

### III.

{¶36}  Mr. Pugh's sole assignment of error is overruled.  The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

ROBERT J. GARGASZ, Attorney at Law, for Appellant.

ANTHONY J. HUSPASKA and ROBERT LEE HENGGE, Attorneys at Law, for Appellee.