[Cite as *State ex rel. Wengerd v. Baughman Twp. Bd. of Trustees*, 2014-Ohio-4749.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

STATE OF OHIO, ex rel. DAVID
WENGERD

      Appellant

    v.

BAUGHMAN TOWNSHIP BOARD OF
TRUSTEES

      Appellee

C.A. No.     13CA0048


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    2012-CV-0737

DECISION AND JOURNAL ENTRY

Dated: October 27, 2014

---

HENSAL, Presiding Judge.

{¶1} The State of Ohio ex rel. David Wengerd appeals a judgment of the Wayne County Court of Common Pleas that dismissed his complaint against the Baughman Township Board of Trustees for violating Ohio's Sunshine Act. The Court also ordered Mr. Wengerd to pay the Board's attorney fees. For the following reasons, this Court reverses.

I.

{¶2} In 2012, the Board explored whether the township should create a joint fire protection district with neighboring communities. To that end, its trustees attended two public meetings that were being held by other communities. The Board also hosted officials from the other communities at one of its meetings.

{¶3} After Mr. Wengerd learned about the trustees' participation in these meetings, he sued the Board, alleging that the trustees had held three public meetings without public notice or

keeping a record of the meetings. Mr. Wengerd attached two newspaper articles that described the meetings to an affidavit that he incorporated into his complaint. He also attached a copy of the minutes of one of the meetings. After filing its Answer, the Board moved for judgment on the pleadings under Civil Rule 12(C). The trial court granted its motion and ordered Mr. Wengerd to pay its attorney fees. Mr. Wengerd has appealed, assigning as error that the trial court incorrectly dismissed his complaint.

## II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED BAUGHMAN TOWNSHIP'S MOTION FOR JUDGMENT ON THE PLEADINGS.

{¶4} The trial court dismissed Mr. Wengerd's complaint under Civil Rule 12(C), which provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." *Id.* According to the Ohio Supreme Court, dismissal is appropriate under Rule 12(C) if:

> a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. Thus, Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law.

*Rayess v. Educational Comm. for Foreign Med. Graduates*, 134 Ohio St.3d 509, 2012-Ohio-5676, ¶ 18, quoting *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996). "Because the review of a decision to dismiss a complaint pursuant to Civ.R. 12(C) presents only questions of law, * * * our review is de novo." *Id.*

{¶5} In his complaint, Mr. Wengerd alleged that, on March 12, 2012, the trustees met with the Marshallville council without giving public notice or keeping minutes of the meeting.

He also alleged that the trustees met with the Sugarcreek Township board of trustees on April 3, 2012, without giving notice or keeping minutes of the meeting. He further alleged that, after the trustees finished their regular meeting on August 23, 2012, they held a special meeting with other government entities. Mr. Wengerd incorporated an affidavit into his complaint, which included newspaper articles about the March 12 and August 23 meetings. The affidavit also included a copy of the minutes of the April 3 meeting.

{¶6} Ohio's Sunshine Law, Revised Code Section 121.22, provides, in part, that "[a]ll meetings of any public body are * * * open to the public at all times. * * * The minutes of a regular or special meeting of any public body shall be promptly prepared, filed, and maintained and shall be open to public inspection." R.C. 121.22(C). According to the statute, "'[m]eeting' means any prearranged discussion of the public business of the public body by a majority of its members." R.C. 121.22(B)(2). It also provides that it "shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law." R.C. 121.22(A).

{¶7} Construing Section 121.22, this Court has held that "a public body violates the Sunshine Law where it simultaneously conducts a meeting while deliberating over public business." *Krueck v. Kipton Village Council*, 9th Dist. Lorain No. 11CA009960, 2012-Ohio-1787, ¶ 14. In its motion for judgment on the pleadings, the Board argued that Mr. Wengerd's claims failed because he did not allege that the trustees deliberated at the March 12 and April 3 meetings. It also argued that the minutes of the August 23 meeting established that all of the discussions regarding the joint fire district occurred during its regular meeting, not a special meeting that followed.

{¶8} Regarding whether the trustees engaged in deliberations during the March 12 or April 3 meetings, this Court has explained that "'deliberations' involve more than information-gathering, investigation, or fact-finding." *Berner v. Woods*, 9th Dist. Lorain No. 07CA009132, 2007-Ohio-6207, ¶ 15. "Question-and-answer sessions between board members and other persons who are not public officials do not constitute 'deliberations' unless a majority of the board members also entertain a discussion of public business with one another." *Id*. "In this context, a 'discussion' entails an 'exchange of words, comments or ideas by the board.'" *Id*., quoting *Holeski v. Lawrence*, 85 Ohio App.3d 824, 830 (11th Dist.1993). "A conclusive decision among board members on any measure, however, is not necessary to prove a violation." *Id*.

{¶9} According to the documents that Mr. Wengerd included as exhibits to the affidavit that he incorporated into his complaint, on March 12, 2012, "Baughman trustees and Marshallville council met * * * to discuss options to create a fire district * * *." On April 3, 2012, "Baughman trustees were present to discuss the fire funding issue and the possibility of forming a Baughman – Sugar Creek Township Fire District. No action taken." Those statements, construed in a light most favorable to Mr. Wengerd, suggest that the trustees did more at the March 12 and April 3 meetings than engage in mere fact-finding. Rather, the articles suggest that the trustees exchanged thoughts and ideas with the representatives of Sugar Creek and Marshallville about whether they should form a joint fire district. We, therefore, cannot "find[ ] beyond doubt" that Mr. Wengerd can "prove no set of facts in support of his claim that would entitle him to relief." *Rayess*, 134 Ohio St.3d 509, 2012-Ohio-5676 at ¶ 18.

{¶10} Regarding the August 23 meeting, the newspaper article that Mr. Wengerd attached as an exhibit to the affidavit that he incorporated into his complaint states that, "[a]fter

[the Board's] monthly trustee meeting," officials form Sugar Creek, Marshallville, and Dalton "met to discuss items leading to the creation of a fire district." The article also indicates that the four entities verbally agreed to ask a particular law firm to draft an appropriate resolution. The Board asserts that, while those discussions admittedly took place, the newspaper mistakenly reported that they occurred after the regular meeting. It notes that it submitted a copy of the August 23 minutes, which indicate that the discussions happened during the regular meeting, not a special meeting.

{¶11} As explained earlier, when reviewing a motion for judgment on the pleadings, we must view all of the material allegations in favor of Mr. Wengerd. The newspaper article supports his allegation that the Board held another meeting "[a]fter Baughman Township's monthly trustee meeting." We also note that the alleged copy of the August 23 minutes that the Board attached to its Answer is not signed and does not contain any other indication that it is an accurate record of what occurred at the meeting. Accordingly, we cannot "find[ ] beyond doubt" that Mr. Wengerd can "prove no set of facts in support of his claim that would entitle him to relief." *Id.*

{¶12} Upon review of the record, we conclude that the trial court incorrectly granted the Board's motion for judgment on the pleadings. Mr. Wengerd's assignment of error is sustained.

III.

{¶13} The trial court incorrectly dismissed Mr. Wengerd's complaint. The judgment of the Wayne County Court of Common Pleas is reversed, and this matter is remanded for further proceedings.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
MOORE, J.
CONCUR.

APPEARANCES:

WARNER MENDENHALL, Attorney at Law, for Appellant.

JOHN T. MCLANDRICH and FRANK H. SCIALDONE, Attorneys at Law, for Appellee.