[Cite as *Petty v. Lorain*, 2024-Ohio-2110.]

STATE OF OHIO          )           IN THE COURT OF APPEALS
                       )ss:        NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN       )

GARON F. PETTY                     C.A. No.     23CA011995

    Appellant

    v.                            APPEAL FROM JUDGMENT
                                  ENTERED IN THE
CITY OF LORAIN                     COURT OF COMMON PLEAS
                                  COUNTY OF LORAIN, OHIO
    Appellee                   CASE No.     22CV206351

DECISION AND JOURNAL ENTRY

Dated: June 3, 2024

---

STEVENSON, Presiding Judge.

**{¶1}** Appellant Garon F. Petty appeals from the Lorain County Court of Common Pleas granting the motions to dismiss filed by the City of Lorain, Lorain City Council, the 12 City Council members, and Council Clerk. Because Petty's complaint fails to satisfy notice pleading requirements and state a cause of action under R.C. 121.22, this Court concludes that dismissal pursuant to Civ.R. 12(B)(6) was appropriate. Accordingly, we affirm the decision of the Lorain County Court of Common Pleas.

I.

**{¶2}** Petty filed a complaint for injunctive relief against the City of Lorain; Lorain City Council; City Council Members Joel Arrendondo, Mary Springowski, Anthony Dimacchia, Mitch Fallis, Beth Henley, Victoria Kempton, Pamela Carter, Dan Nutt, Joanne Moon, Rey Carrion, Cory Shawver, Joshua Thornsberry; and Clerk Breanna Dull. While the complaint also named Ohio

Attorney General Dave Yost and City of Lorain Law Director Patrick Riley as defendants, Petty voluntarily dismissed these individuals.

{¶3} In his complaint, Petty alleges violations of the Open Meetings Act as found in R.C. 121.22 (the "Sunshine Law"). Petty alleges that during City Council meetings, Council Members Springowski, Dimacchia, Fallis, Kempton, Carrion, Shawver, and Thornsberry text, e-mail, pass notes, and whisper on how to vote on proposed ordinances. Petty identifies monthly Council meetings occurring from July 6, 2021 through June 6, 2022, where individual Council Members are seen looking at a cell phone and allegedly texting. Petty identifies an October 4, 2021, Council meeting where Springowski and Thornsberry allegedly pass a note. Petty also alleges that certain Council Members communicate through their personal social media accounts during meetings and block citizens who disagree with them, and that Clerk Dull has failed to properly maintain meeting minutes pursuant to R.C. 149.43. Petty's complaint lists hyperlinks purportedly to Council Members' private social media pages and the 20 Council meetings where Sunshine Law violations allegedly occurred. The Court notes that some of the provided links are no longer valid and one link is to a celebration of life that appears unrelated to Petty's allegations.

{¶4} In response to the complaint, Council Members Springowski, Shawver, and Thornsberry filed a motion to dismiss pursuant to Civ.R. 12(B)(6). While Law Director Riley was also a party to this motion, as previously stated Petty voluntarily dismissed Riley as a defendant. Springowski, Shawver and Thornsberry do not dispute that Council Members occasionally text or email during Council meetings. They maintain that such conduct does not violate the Sunshine Law. Springowski, Shawver and Thornsberry argue that the complaint fails to allege that, when texting or emailing, they are conducting a meeting or deliberating concerning official business.

They argue that, absent an allegation that they were conducting a meeting or deliberating concerning official business, the complaint fails to assert a claim for a Sunshine Law violation.

{¶5} The City of Lorain, Lorain City Council, Arrendondo, Dimacchia, Fallis, Henley, Kempton, Carter, Nutt, Moon, Carrion, and Dull, also filed a motion to dismiss. Among other arguments, these defendants similarly argue that absent an allegation that they conduct deliberations upon official business with public officials during Council meetings through texts or emails, the complaint fails to assert a claim under the Sunshine Law.

{¶6} The trial court granted the motions to dismiss. As to Council Members Arredondo, Henley, Carter, Nutt, and Moon, the trial court found that Petty fails to assert any allegations as to these individuals. As to the remaining defendants, the trial court found the statements in the complaint to be conclusory and insufficient to state a claim for violations of the Sunshine Law. The trial court noted that Petty fails to allege when or which Council Members blocked citizens from their personal social media accounts; what public business was discussed when citizens were blocked or when text messages were exchanged via social media; what was contained in the alleged text/email messages and who participated in the text/email exchanges; and, what official action or deliberations were occurring when Council Members were allegedly texting or emailing. The trial court further noted Petty's failure to allege how many Council Members participated in email exchanges outside of Council meetings or whether a Council meeting was legally occurring at the time of the email exchanges. Even if the hyperlinks are properly incorporated into the complaint, the trial court found that they failed to identify the recipients and content of the communications.

{¶7} The trial court also addressed Petty's claim that Clerk Dull failed to maintain meeting minutes in violation of R.C. 149.43. In granting a dismissal of this claim, the trial court

again noted the complaint's failure to allege what official business was discussed, or what deliberations were undertaken, in the alleged communications that required documentation in Council meeting minutes.

{¶8} Petty timely appeals the trial court's decision granting the motions to dismiss, setting forth one assignment of error for review.

II.

**ASSIGNMENT OF ERROR NO. 1:**

**THE TRIAL COURT ERRED IN ITS DECISION BY GRANTING DEFENDANTS' MOTION TO DISMISS PETTY'S COMPLAINT UNDER OHIO CIV. RULE 12(B) AND DECLARING THAT PETTY'S COMPLAINT FAILED TO STATE A CAUSE OF ACTION UNDER R.C. § 121.22. \* \* \***

{¶9} This Court has not set forth Petty's entire assignment of error, which continues for seven more sentences covering almost a full page. Some of those sentences restate the point made in the first sentence set forth above. Other sentences argue in support of the error identified in the first sentence. The last few sentences, however, argue the merits of the claim presented to the trial court rather than focusing on the error alleged.

{¶10} An assignment of error should state a concise description of the mistake alleged to have been made by the trial court. Assignments of error "should designate specific rulings which the appellant challenges on appeal. They may dispute the final judgment itself or other procedural events in the trial court." *N. Coast Cookies, Inc. v. Sweet Temptations, Inc.*, 16 Ohio App.3d 342, 343 (8th Dist.1984). Detailed reasons why the court erred should not be included in the assignment of error.

{¶11} "Effective appellate advocacy includes a clear statement of a litigant's position on a specific issue. Argument that is restricted to a single issue and is supported by authority is far more effective than a brief that combines multiple assignments of error on different points of law.

App.R. 12(A)(2) recognizes this need for clarity and requires that assignments of error be argued separately." *Cook v. Wilson*, 165 Ohio App.3d 202, 2006-Ohio-234, ¶ 16 (10th Dist.).

{¶12} We exercise our discretion to consider this case on the merits notwithstanding Petty's failure to set forth an appropriate assignment of error. *See, e.g.*, *State v. Mingo*, 9th Dist. Summit No. 30588, 2024-Ohio-543, ¶ 28.

{¶13} Petty argues in his sole assignment of error that the trial court erred in granting the motions to dismiss for failure to state a cause of action under R.C. 121.22, the Sunshine Law. This Court disagrees.

{¶14} "This Court reviews an order dismissing a complaint pursuant to Civ.R. 12(B)(6) under a de novo standard of review." *Hardesty v. Waugh Real Estate Holdings, LLC*, 9th Dist. Summit No. 30184, 2022-Ohio-4270, ¶ 9. A de novo review encompasses an independent examination of the trial court's decision without deference to the underlying decision. *Ohio Receivables, L.L.C. v. Landaw*, 9th Dist. Wayne No. 09CA0053, 2010-Ohio-1804, ¶ 6.

{¶15} "A Civ.R. 12(B)(6) motion tests the sufficiency of the complaint, and dismissal is appropriate where the complaint 'fail[s] to state a claim upon which relief can be granted.'" *Molnar v. Green*, 9th Dist. Summit No. 29072, 2019-Ohio-3083, ¶ 7, quoting Civ.R. 12(B)(6). In construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Perez v. Cleveland*, 66 Ohio St.3d 397, 399 (1993).

{¶16} Before the court may dismiss the complaint, "it must appear beyond doubt that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In determining a motion to dismiss pursuant to Civ.R. 12(B)(6), the court "cannot rely on evidence or allegations outside the complaint * * *."

*State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997). However, "[m]aterial incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss." *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, fn. 1 (1997). "[U]nsupported conclusions made in the complaint are not accepted as true" and are insufficient to withstand a motion to dismiss. *Vagas v. Hudson*, 9th Dist. Summit No. 24713, 2009-Ohio-6794, ¶ 7, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 193 (1988).

{¶17} Petty's complaint sets forth one cause of action, "Violation of R.C. § 121.22 Secret Meetings[.]" "R.C. 121.22, the Sunshine Law, requires that public officials, when meeting to consider official business, conduct those meetings in public." *State ex rel. Cincinnati Post v. Cincinnati*, 76 Ohio St.3d 540, 542 (1996)*; see also* R.C. 121.22(C). The Sunshine Law requires that public officials take official action and conduct deliberations upon official business only in "open meetings." R.C. 121.22(A). "The intent of the Sunshine Law is to require governmental bodies to deliberate public issues in public." *Berner v. Woods*, 9th Dist. Lorain No. 07CA009132, 2007-Ohio-6207, ¶ 15, citing *Moraine v. Montgomery Cty. Bd. of Commrs.*, 67 Ohio St.2d 139, 145 (1981).

{¶18} To violate the Sunshine Law, the public officials or public body "must simultaneously (1) conduct a 'meeting' and (2) 'deliberate' over 'public business.'" *Berner* at ¶ 17; R.C. 121.22(A), (C). A "meeting" is "any prearranged discussion of the public business of the public body by a majority of its members." R.C. 121.22(B)(2). As Lorain City Council consists of 12 council members, seven participating council members constitute a majority.

{¶19} R.C. 121.22 does not define "deliberations." This Court has concluded that "deliberations" under R.C. 121.22 "involve more than information-gathering, investigation, or fact-finding." *Berner* at ¶ 15. We stated in *Berner*:

> Webster's Third New International Dictionary (1961) 596, defines 'deliberation' as 'the act of weighing and examining the reasons for and against a choice or measure' or 'a discussion and consideration by a number of persons of the reasons for and against a measure.' Question-and-answer sessions between board members and other persons who are not public officials do not constitute 'deliberations' unless a majority of the board members also entertain a discussion of public business with one another. In this context, a 'discussion' entails an 'exchange of words, comments or ideas by the board.'

(Citations omitted.) *Id.*

{¶20} Civ.R. 8(A) provides, in relevant part, that "[a] pleading that sets forth a claim for relief * * * shall contain * * * a short and plain statement of the claim showing that the party is entitled to relief[.]" "Even under 'notice' pleading, a complaint must be more than 'bare assertions of legal conclusions.' At the very least, facts as to when and where the allegations took place are essential to provide the fair notice anticipated by the Civil Rules." (Citation omitted.) *Bratton v. Adkins*, 9th Dist. Summit No. 18136, 1997 WL 459979, *1 (Aug. 6, 1997). *See also Vagas,* 9th Dist. Summit No. 24713, 2009-Ohio-6794, ¶ 10. "[A] complaint must be more than 'bare assertions of legal conclusions.'" *Copeland v. Summit Cty. Probate Court*, 9th Dist. Summit No. 24648, 2009-Ohio-4860, ¶ 10, quoting *Bratton* at *1.

{¶21} Petty's complaint failed to make any specific allegations as to Council Members Arrendondo, Henley, Carter, Nutt, and Moon. Accordingly, any allegations against these Council Members are conclusory in nature. Petty has pleaded no facts of facts entitling him to recovery as to these five Council Members.

{¶22} Petty's allegations that Council Members Springowski, Dimacchia, Fallis, Kempton, Carrion, Shawver, and Thornsberry were conducting official business or deliberating

with a majority of Council Members by texting, emailing, whispering, or passing notes do not contain sufficient operative facts to establish that an R.C. 121.22 violation occurred. The complaint is insufficient to satisfy notice pleading requirements and it fails to state a claim upon which relief can be granted under the Sunshine Law.

{¶23} With respect to Council members' alleged use of personal social media accounts in violation of the Sunshine Law, the complaint does not allege what public business was being deliberated when social media was allegedly utilized. There is no allegation that, at the time of the social media use, Council members were deliberating over public business as required for a Sunshine Law violation. R.C. 121.22(A), (C). As we previously recognized, a "[q]uestion-and-answer session between board members and other persons who are not public officials do[es] not constitute 'deliberations' unless a majority of the board members also entertain a discussion of public business with one another." (Citation omitted.) *Berner*, 9th Dist. Lorain No. 07CA009132, 2007-Ohio-6207, ¶ 15. In this case, there is no allegation as to what public business was being discussed, whether public business was being discussed by a majority of Council Members, and whether public business was being deliberated. Thus, Petty's complaint does not sufficiently plead that Council Members' use of social media is a Sunshine Law violation.

{¶24} As to the alleged texts, emails, whispers, or note exchanges, Petty simply alleges in his complaint that these communications were not open to the public as required by the Sunshine Law. Again, there is no allegation that public business was being discussed in these texts, emails, whispers, or note exchanges, and there is no allegation that public business was being discussed by a majority of Council Members. Petty does not allege how may Council Members were participating in the texts, emails, whispers, or note exchanges. Further, there is no allegation that Council Members were deliberating in these communications. At most, the complaint identifies a

date where five Council Members are seen at a Council meeting looking at their cell phones and possibly typing. There is no allegation that, at any time, a majority of Council texted, emailed, or otherwise communicated, and that they "deliberate[d]" over "public business." R.C. 121.22(A), (C). Absent an allegation that official public business was discussed or deliberated in the texts, emails, whispers, or notes by a majority of Council, there was no requirement that the Clerk document such communications in the meeting minutes.

{¶25} Council Members do not dispute that they occasionally text or email during meetings. Some of the cited hyperlinks in the complaint show meetings where, on occasion, a Council Member looks at a cell phone and types. Neither the allegations in the complaint nor these recordings show who is communicating or the subject of the communication. There is no allegation that a majority of the Council Members were deliberating about a public issue in these communications.

{¶26} The statements in the complaint are broad and conclusory. Although Civ.R. 8(A) only requires that a complaint contain "a short and plain statement of the claim * * *[,]" "a complaint must be more than 'bare assertions of legal conclusions.'" (Citation omitted.) *Bratton*, 9th Dist. Summit No. 18136, 1997 WL 459979, at *1. Upon review of Petty's complaint, and the one cause of action asserted therein, we hold that the trial court did not err in granting the motions to dismiss. Petty has not alleged sufficient facts in his complaint to support an alleged Sunshine Law violation.

{¶27} Petty's sole assignment of error is overruled and the trial court's judgment entry granting the motions to dismiss is affirmed.

III.

**{¶28}** For the reasons set forth above, Petty's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

FLAGG LANZINGER, J.
CONCURS.

SUTTON, J.
CONCURRING IN JUDGMENT ONLY.

{¶29} Although I agree with affirming the trial court's dismissal of Mr. Petty's complaint, pursuant to Civ.R. 12(B)(6), I write separately in order to conduct a different legal analysis.

{¶30} Mr. Petty's complaint named all twelve members of the Lorain City Council and sought declaratory judgment and injunctive relief, as well as an award of fines and attorney fees, pursuant to R.C. 121.22, for various alleged violations of Ohio's Sunshine Law. The council members named in the complaint included Council President Joel Arrendondo and Members Beth Henly, JoAnne Moone, Dan Nutt, Pamela Carter, Mary Springowski, Anthony Dimacchia, Mitch Fallis, Victoria Kempton, Rey Carrion, Cory Shawver, and Joshua Thornsberry. The complaint alleged the council members violated R.C. 121.22 during Lorain City Council meetings by texting citizens and other council members during council meetings, whispering to each other during council meetings, and emailing and texting each other outside of council meetings in regard to how they should vote on various pending ordinances. The complaint further alleged council members violated R.C. 121.22 through the use of their own, personal social media pages. Additionally, the complaint alleged the Clerk of Council did not maintain minutes of the council members' social media accounts or text/email exchanges.

{¶31} A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim "is a procedural motion that tests the sufficiency of the plaintiff's complaint." *Haven v. Lodi*, 9th Dist. Medina No. 21CA0074-M, 2022-Ohio-3957, ¶ 7, citing *Pugh v. Capital One Bank (USA) NA*, 9th Dist. Lorain No. 20CA011643, 2021-Ohio-994, ¶ 7, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). A court may dismiss a complaint for failure to state a claim only when, having presumed that all factual allegations in the complaint are true and having made all reasonable inferences in favor of the plaintiff, it appears beyond a doubt that the

plaintiff can prove no set of facts that would permit a recovery. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988); *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. Further, "unsupported conclusions of a complaint are not considered admitted and are not sufficient to withstand a motion to dismiss." *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). *Accord State ex rel. Yeager v. McCarty*, 9th Dist. Summit No. 29626, 2021-Ohio-2492, ¶ 5. A court's consideration of a Civ.R. 12(B)(6) motion to dismiss is limited to the complaint's factual allegations and any materials incorporated into the complaint. *King v. Semi Valley Sound, LLC*, 9th Dist. Summit No. 25655, 2011-Ohio-3567, ¶ 8.

**{¶32}** R.C. 121.22 requires that public officials, when meeting to consider official business, conduct those meetings in public. *State ex rel. Cincinnati Post v. Cincinnati*, 76 Ohio St.3d 540, 542 (1996). R.C. 121.22(A) states: "[t]his section shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law." The elements of the statutory definition of a meeting are (1) a prearranged discussion, (2) a discussion of the public business of the public body, and (3) the presence at the discussion of a majority of the members of the public body. *State ex rel. Cincinnati Post* at 544. This Court has held that "a public body violates the Sunshine Law where it simultaneously conducts a meeting while deliberating over public business." *State ex rel. Wengerd v. Baughman Twp. Bd. of Trustees*, 9th Dist. Wayne No. 13CA0048, 2014-Ohio-4749, ¶ 7, quoting *Krueck v. Kipton Village Council*, 9th Dist. Lorain No. 11CA009960, 2012-Ohio1787, ¶ 14.

**{¶33}** Construing the factual allegations in the complaint as true and making all reasonable inferences in favor of Mr. Petty, Mr. Petty can prove no set of facts that would permit recovery in this matter. This Court explained that "'deliberations' involve more than information

gathering, investigation, or fact-finding." *State ex rel. Wengerd* at ¶ 8, citing *Berner v. Woods*, 9th Dist. Lorain No. 07CA009132, 2007-Ohio-6207, ¶ 15. "Question-and-answer sessions between [public officials] and other persons who are not public officials do not constitute 'deliberations' unless a majority of the [council] members also entertain a discussion of public business with one another." *Id.*

**{¶34}** As the trial court correctly indicated, Mr. Petty failed to make any specific allegations in the complaint with respect to Council Members Joel Arrendondo, Beth Henly, JoAnne Moon, Dan Nutt, and Pamela Carter. As such, any allegations against these five council members are merely conclusory in nature and Mr. Petty has plead no set of facts entitling him to recovery. Further, Mr. Petty's "unsupported conclusions" that Council Members Mary Springowski, Anthony Dimacchia, Mitch Fallis, Victoria Kempton, Rey Carrion, Cory Shawver, and Joshua Thornsberry were conducting official business or deliberating with a majority of the members of the Lorain City Council by texting, emailing, and whispering do not contain sufficient operative facts to establish the council members committed a violation of R.C. 121.22. Indeed, Mr. Petty's complaint does not allege what was contained in the text/email messages or who was participating in the individual exchanges. Moreover, Mr. Petty's complaint does not allege what public business was being discussed or what official actions, or deliberations, occurred during these text and/or email exchanges. Lastly, Mr. Petty's complaint does not allege how many council members were participating in text and/or email exchanges outside of the council meetings. Thus, because Mr. Petty's complaint does not contain sufficient operative facts of a violation of R.C. 121.22, Mr. Petty is not entitled to recovery.

**{¶35}** With respect to council members' personal social media usage, the trial court stated, "[o]utside specific mention of [Council Member Mary Springowski], [Mr. Petty] does not allege

when or which council members blocked which citizen, nor what public business was being discussed or deliberated at the time the citizen was blocked or the text messages on social media were exchanged." Thus, because Mr. Petty's complaint does not contain sufficient operative facts of a violation of R.C. 121.22, Mr. Petty is not entitled to recovery.

{¶36} The trial court did not err in dismissing Mr. Petty's complaint for failure to state a claim upon which relief can be granted.

APPEARANCES:

ROBERT J. GARGASZ, Attorney at Law, for Appellant.

PATRICK D. RILEY, Director of Law, and JOSEPH T. LAVECK, Assistant Director of Law, for Appellee.

RICHARD PANZA and MALORIE A. ALVERSON, Attorneys at Law, for Appellee.