[Cite as *Haynes v. Ally Fin., Inc.*, 2024-Ohio-5673.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| DOMINQUE HAYNES | | C.A. No. 31067 |
|---|---|---|
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ALLY FINANCIAL INC. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No. CV-2024-02-0635 |

DECISION AND JOURNAL ENTRY

Dated: December 4, 2024

STEVENSON, Presiding Judge.

**{¶1}** Appellant Dominque Haynes appeals from the order of the Summit County Court of Common Pleas granting Appellee Ally Financial, Inc.'s motion to dismiss. This Court concludes that Ms. Haynes sufficiently set forth a conversion claim as required by Civ.R. 8(A) and failed to state a claim of fraud with particularity as required by Civ.R. 9(B). Accordingly, we reverse in part and affirm in part the decision of the Summit County Court of Common Pleas.

I.

**{¶2}** Ms. Haynes commenced action when she filed a pro se complaint against Ally Financial. Ms. Haynes alleges that she has tried to contact Ally Financial on multiple occasions "to address [her] concerns of the fraudulent misrepresentation of the nature of [a] 'Contract' in regard to a Blue 2018 Kia Sorento."

**{¶3}** The complaint, which is not organized into counts, alleges that Ally Financial is the claimed lienholder of the vehicle and that Ms. Haynes is the registered owner. Ms. Haynes asserts

that Ally Financial failed to respond to her "[n]otice to commence [s]uit[]" and that, therefore, its "lien is void, wholly discharged, and Ally no longer [holds] a security interest in the [vehicle]."

**{¶4}** Ms. Haynes alleges that Ally Financial repossessed the vehicle and that she sustained damages because of the repossession. She further alleges that Ally Financial repossessed the vehicle without a valid lien and that it has refused to return the vehicle.

**{¶5}** Ally Financial moved to dismiss Ms. Haynes' complaint. Ally Financial asserted that the complaint does not contain a plain statement of any claim showing that Ms. Haynes is entitled to relief as required by Civ.R. 8(A) and that it fails to plead fraud with the required particularity as required by Civ.R. 9(B). It asserted that the complaint fails to state a claim upon which relief can be granted and that it must be dismissed pursuant to Civ.R. 12(B)(6). Ms. Haynes argued in response that she had asserted valid claims against Ally Financial, including a claim that Ally Financial has wrongfully taken her personal property.

**{¶6}** The trial court granted Ally Financial's motion to dismiss. The court found that dismissal was appropriate as "[t]he [c]omplaint does not contain a plain statement of any claim showing that Ms. Haynes is entitled to relief" as required by Civ.R. 8(A), and because the complaint failed to plead fraud with specificity as required by Civ.R. 9(B).

**{¶7}** Ms. Haynes appeals the trial court's decision granting Ally Financial's motion to dismiss, setting fourth three assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED IN GRANTING A MOTION TO DISMISS PURSUANT TO CIVIL RULE 8[(]A[)] AS THE COMPLAINT WAS A SHORT AND PLAIN STATEMENT SHOWING THAT PLAINTIFF WAS ENTITLED TO RELIEF.**

{**¶8**}   Ms. Haynes argues in her first assignment of error that her complaint includes short and plain statements of claims as required by Civ.R. 8(A) and that, therefore, the trial court erred in dismissing her complaint. We conclude that Ms. Haynes has sufficiently stated a conversion claim and, accordingly, we reverse on this basis.

### Standard of Review

{**¶9**}   An appellate court's standard of review on a trial court's ruling on a motion to dismiss is de novo. *Petty v. Lorain*, 2024-Ohio-2110, ¶ 14 (9th Dist.). "A de novo review encompasses an independent examination of the trial court's decision without deference to the underlying decision." *Id.*

{**¶10**}   A motion to dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim "is a procedural motion that tests the sufficiency of the plaintiff's complaint." *Pugh v. Capital One Bank (USA)*, 2021-Ohio-994, ¶ 7 (9th Dist.), citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). In construing such a motion, "the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." *Petty* at ¶ 15. The trial court may grant a motion to dismiss "only if it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle her to relief." *Garvey v. Clevidence*, 2004-Ohio-6536, ¶ 11 (9th Dist.); *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

{**¶11**}   The principles of notice pleading apply when ruling on a motion to dismiss. *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144-145 (1991). A plaintiff need not "prove his or her case at the pleading stage." *Id*. at 145.  Rather, "as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *Id.*

## Civ.R. 8

{¶12} The first basis of the trial court's dismissal is that the complaint does not comply with Civ.R. 8(A). Civ.R. 8(A) requires a complaint to include "a short and plain statement of the claim showing that the party is entitled to relief [.] . . ." Civ.R. 8(A) must be read in conjunction with the remaining sections of Civ.R. 8, including Civ.R. 8(F) that provides "[a]ll pleadings shall be so construed as to do substantial justice."

{¶13} Civ.R. 8 is a liberal pleading rule. *Bowers Constr. Co., Inc. v. Chuparkoff*, 2010-Ohio-419, ¶ 5 (9th Dist.). Under Civ.R. 8(A)'s liberal pleading requirements, a plaintiff must merely set forth operative facts in her complaint "which give fair notice of the action . . . ." *Truaxx v. Arora*, 1993 WL 99893, *2 (9th Dist. Apr. 7, 1993); *Bowers Constr.* at ¶ 5. "Any legal theory applicable to the stated facts will support a recovery." *Id.; Vagas v. City of Hudson*, 2009-Ohio-6794, ¶ 13 (9th Dist.) (a complaint will survive a motion to dismiss as long as it "sets forth adequate facts demonstrating a claim for relief."). If a complaint does not comply with Civ.R. 8(A), it may dismissed pursuant to Civ.R. 12(B)(6). *See Doe v. Greenville City Schools*, 2022-Ohio-4618, ¶ 7-8; *Park Street Group*, *LLC v. White*, 2017-Ohio-1188, ¶ 8-9 (9th Dist.).

## Analysis

{¶14} Ms. Haynes argues that her complaint contains plain and short statements as required by Civ.R. 8(A). Ms. Haynes states that her complaint alleges that Ally Financial does not have a valid lien, that it took her property through an agent without her consent, and that it refuses to return the property. Ms. Haynes argues that she has alleged a conversion claim.

{¶15} Ally Financial maintains that the trial court properly found the complaint fails to meet Civ.R. 8(A) pleading requirements. Ally Financial asserts that absent an allegation that it breached the peace, Ms. Haynes has failed to state any actionable claims.

**{¶16}** This Court recognizes that Ms. Haynes is a pro se litigant. However, pro se litigants are "held to the same standard as attorneys admitted to the practice of law." *In re Guardianship of P.S.*, 2024-Ohio-1310, ¶ 6 (9th Dist.), citing *Zukowski v. Brunner*, 2010-Ohio-1652, ¶ 8. This Court has repeatedly noted that:

> a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that [s]he remains subject to the same rules and procedures to which represented litigants are bound. [She] is not given greater rights than represented parties[.] . . .

(Citations omitted.) *In re Guardianship of P.S.* at ¶ 6; *Sherlock v. Myers*, 2004-Ohio-5178, ¶ 3 (9th Dist.); *First Communications, L.L.C. v. Helms*, 2016-Ohio-7586, ¶ 6 (9th Dist.).

**{¶17}** Ms. Haynes is only required to plead "a short and plain statement of the claim showing that" she is "entitled to relief" under Ohio's notice pleading standard. Civ.R. 8(A). Ms. Haynes did not identify the type of claims sought in her complaint but that is not required. Under the Civ.R. 8(A) pleading standard, we conclude that the complaint sufficiently sets forth a conversion claim.

**{¶18}** "Conversion is the wrongful exercise of dominion over property to the exclusion of the rights of the owner or the withholding of the property from the owner's possession under a claim inconsistent with the owner's rights." *Bunta v. Superior VacuPress, L.L.C.*, 2022-Ohio-4363, ¶ 20; *Chef Italiano v. Crucible Dev. Corp.*, 2005-Ohio-4254, ¶ 26 (9th Dist.). To prevail on a conversion claim, a plaintiff must demonstrate "(1) that it owned or had the right to control the property at the time of the conversion, (2) the defendant's wrongful act or disposition of the plaintiff's property rights, and (3) damages." *Pelmar USA, L.L.C. v. Mach. Exchange Corp.*, 2012-Ohio-3787, ¶ 12 (9th Dist.). Contrary to Ally Financial's argument, there is no requirement that a plaintiff allege breach of peace when stating a conversion claim in her complaint. *See Bugoni v. C & M Towing*, 2012-Ohio-4508, ¶ 9 (10th Dist.) (trial court's order granting Civ.R. 12(B)(6)

motion to dismiss reversed on appeal; allegation that defendants took the plaintiff's vehicle without consent and are refusing to return the vehicle unless plaintiff pays them money sufficiently stated a conversion claim); *Pond v. E and E Towing and Recovery, LLC*, 2024-Ohio-800, ¶ 23 (10th Dist.) (plaintiffs complied with Civ.R. 8(A), and sufficiently stated a conversion claim, where they alleged that they were the owners of the vehicles, the defendant removed the vehicles, and they sustained damages). Further, whether a breach of peace occurred would require the court to consider facts outside the complaint and not be appropriate for a motion to dismiss. *See Haven v. Lodi*, 2022-Ohio-3957, ¶ 7 (9th Dist.).

{¶19} Here, Ms. Haynes alleges that she is "the registered 'Owner'" of the vehicle at issue and that Ally Financial repossessed the vehicle even though it does not have a valid lien on the vehicle. These allegations satisfy the requirement that a conversion claim allege that the plaintiff "owned or had the right to control the property at the time of the conversion" and that the defendant engaged in a "wrongful act or disposition of the plaintiff's property rights[.]" *Pelmar USA* at ¶ 12. Ms. Haynes further alleges that she sustained damages because of the repossession, including the loss of use of her vehicle and employment. This allegation satisfies the requirement that a conversion claim allege that the plaintiff sustained "damages." *Id.* With these allegations, Ms. Haynes adequately stated a claim for conversion. *See Bugoni*, 2012-Ohio-4508, at ¶ 9 (9th Dist.).

{¶20} Ms. Hayes did not need to prove her claims at the pleading stage. Rather she had to allege facts to sufficiently put Ally Financial on notice of her claim. *York*, 60 Ohio St.3d at 145. Ms. Haynes' complaint sufficiently sets forth facts to put Ally Financial on notice of a conversion claim in accordance with the liberal pleading requirements of Civ.R. 8(A). Accordingly, we sustain Ms. Haynes' first assignment of error on this basis.

**ASSIGNMENT OF ERROR II**

**THE TRIAL COURT ERRED IN GRANTING [A] MOTION TO DISMISS PURSUANT TO CIVIL RULE 9([B]) AS THE ALLEGATIONS (AVERMENTS) OF FRAUD OR MISTAKE AND THE CIRCUMSTANCES CONSTITUTING FRAUD OR MISTAKE [WERE] STATED WITH PARTICULARITY.**

**{¶21}** Ms. Haynes argues in her second assignment of error that the trial court erred in dismissing her fraud claim. Ms. Haynes asserts that she has plead fraud with particularity as required by Civ.R. 9(B). We disagree.

**{¶22}** The standard of review on a motion to dismiss, as previously set forth, is de novo. *Petty*, 2014-Ohio-2110, at ¶ 14.

## Civ.R. 9

**{¶23}** The second basis for the trial court's dismissal is that the complaint does not comply with Civ.R. 9(B). The trial court found that Ms. Haynes "provides no factual support to what, if anything, [Ally Financial] did that would constitute a fraudulent misrepresentation."

**{¶24}** Civ.R. 9(B) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The failure to plead fraud with particularity justifies "dismissal of the complaint." *Bradley v. Bessick*, 2000 WL 372322, *2 (9th Dist. Apr. 12, 2000).

**{¶25}** This Court has stated that the requirements of Civ.R 9 must be applied in conjunction with the directives of Civ.R. 8 that the complaint contain "'a short and plain statement of the claim.'" *Bradley* at *3, quoting *F & J Roofing Co. v. McGinley & Sons, Inc.*, 35 Ohio App.3d 16, 17 (9th Dist. 1987), quoting Civ.R. 8. "This approach looks at the 'nature and facts of the case and the circumstances of the parties,' and determines whether the complaint sufficiently apprises the defendant of the act of which the plaintiff complains." *Id.*

**Analysis**

**{¶26}** Ms. Haynes argues that she has plead fraud "and the circumstances constituting fraud" with particularity as required by Civ.R. 9(B). Ally Financial argues that the trial court properly dismissed Ms. Haynes' fraud claim because "[n]o misrepresentations of any kind by Ally Financial are alleged . . . let alone what they specifically were, who made them, or when or how they were made."

**{¶27}** To maintain an actionable claim for fraud, a plaintiff must establish:

(1) a representation, or where there is a duty to disclose, concealment of a fact; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) a resulting injury proximately caused by the reliance.

*Baughman v. State Farm Mut. Auto. Ins. Co.*, 2005-Ohio-6980, ¶ 12 (9th Dist.), citing *Cohen v. Lamko, Inc.*, 10 Ohio St.3d 167, 169 (1984).

**{¶28}** Ms. Haynes has failed to identify any false or fraudulent representation made by Ally Financial or an employee of Ally Financial. Ms. Haynes has not alleged any duty on the part of Ally Financial to make any required disclosures nor does she allege, for example, any special or fiduciary relationship that existed that would give rise to a duty to disclose. There are no allegations that Ally Financial made materially false representations and/or that Ms. Haynes justifiably relied on false representations. Ms. Haynes does not allege what act she took in reliance on the alleged misrepresentation. The only allegation is a generalized statement that Ally Financial made a "fraudulent misrepresentation of the nature of [the] 'Contract' in regard to a Blue 2018 Kia Sorento." Ms. Haynes' complaint fails to set forth a fraud claim with particularity as required by Civ.R. 9(B). *See Bradley*, 2000 WL 372322 at *3 (trial court's dismissal of fraud claim affirmed where complaint failed to allege what fraud occurred, the misrepresentation that was made, what

action the plaintiff took in reliance on the misrepresentation, the reasonableness of the reliance, or the resultant injury.)

{¶29} The complaint does not apprise Ally Financial of the alleged fraudulent act of which Ms. Haynes complains. Ms. Haynes' failure to plead the elements of fraud with particularity as required by Civ.R. 9(B) "'resulted in a defective claim which could not withstand a motion to dismiss per Civ.R. 12(B)(6).'" *Id.*, quoting *Universal Coach, Inc. v. New York City Transit Auth., Inc.*, 90 Ohio App.3d 284, 292 (9th Dist. 1993). Ms. Haynes' second assignment of error is, accordingly, overruled.

### ASSIGNMENT OF ERROR III

**THE TRIAL COURT ERRED IN GRANTING A MOTION TO DISMISS PURSUANT TO CIVIL RULE 12[(B)](6) AS COMPLAINT SHOWS CLEAR, SHORT, AND PLAIN CLAIMS UPON WHICH RELIEF CAN BE GRANTED.**

{¶30} Ms. Haynes argues in her third assignment of error that the trial court erred when it granted Ally Financial's motion to dismiss pursuant to Civ.R. 12(B)(6). The motion to dismiss under Civ.R. 12(B)(6) was based solely on Civ.R.8(A) and Civ. R. 9(B) as discussed above. Based on our resolution of the first and second assignments of error, this assignment of error is moot and we decline to address it.

### III.

{¶31} For the reasons set forth above, Ms. Haynes' first assignment of error is sustained and her second assignment of error is overruled. We decline to address Ms. Haynes' third assignment of error as it is moot. We remand to the Summit County Court of Common Pleas for proceedings consistent with this opinion.

Judgment reversed in part,
and affirmed in part,
and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

 

 

SCOT STEVENSON
FOR THE COURT

 

HENSAL, J.
FLAGG LANZINGER, J.
CONCUR:

APPEARANCES:

DOMINQUE HAYNES, pro se, for Appellant.

JOEL SECHLER, Attorney at Law, for Appellee.